# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# ORLANDO DIVISION

MARVELLE J. "JAY" BALLENTINE,

*Plaintiff,*

v.

META PLATFORMS, INC.; ACCENTURE LLP;

TASKUS, INC.; and GENPACT USA, INC.,

*Defendants.*

Case No. 6:26-cv-00376-JSS-RMN

## PLAINTIFF'S TIME-SENSITIVE MOTION FOR LEAVE TO SERVE LIMITED EARLY DISCOVERY PURSUANT TO FED. R. CIV. P. 26(d)(1)

**Time-Sensitive Designation — Local Rule 3.01(f)**

This motion seeks leave to serve a single Request for Admission on Defendant Meta Platforms, Inc. before the Rule 26(f) conference. The request poses a binary factual question — whether Meta filed a CyberTipline report regarding Plaintiff's account — that Plaintiff has been unable to resolve through any other procedural mechanism since September 2025. A true and correct copy of the proposed Request for Admission is attached as Exhibit A. Plaintiff respectfully requests a ruling at the Court's earliest convenience.

## Relief Requested

Plaintiff requests an order authorizing service of one Request for Admission on Meta Platforms, Inc. before the parties' Rule 26(f) conference, pursuant to Fed. R. Civ. P. 26(d)(1).

## Legal Standard

Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery before the Rule 26(f) conference "except . . . when authorized . . . by court order." The Rule does not prescribe a standard for exercising that authority. The majority of federal courts, including courts in this Circuit, apply a good-cause standard under which early discovery is permitted where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*,

2

208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Tyson v. Coinbase Glob., Inc.*, No. 23-cv-21069, 2024 U.S. Dist. LEXIS 2576, at *4–5 (D.N.J. Jan. 4, 2024) (articulating four factors: (1) timing of the request relative to the formal start of discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; and (4) the burden on the responding party).

Under either formulation, the burden falls on the moving party, and the request must be narrowly tailored. Good cause exists here for the reasons set forth below.

## Basis for the Request

### A. The question has been outstanding since September 2025.

Plaintiff first raised this issue in the original complaint filed in the Northern District of California on September 9, 2025, alleging on information and belief that Meta did not file a CyberTipline report for Plaintiff's account. The First Amended Complaint, filed October 17, 2025, repeated the allegation. (FAC ¶ 85(c), NDCA Case No. 3:25-cv-07671-CRB, Dkt. 34.) Over the course of five months of NDCA litigation, Plaintiff pursued multiple procedural vehicles to obtain this information — including administrative motions, a court-ordered meet-and-confer on preservation, and opposition briefing on two motions to dismiss. Meta did not address the allegation in any of those proceedings. The

NDCA procedural history is documented in the Request for Judicial Notice filed in this action. (Dkt. 4.)

### B. The request is as narrowly tailored as discovery can be.

The motion seeks leave to serve one request for admission. The answer is yes or no. There is no document production, no deposition, and no interrogatory. The proposed request is attached as Exhibit A.

### C. The information is exclusively within Meta's possession.

NCMEC does not disclose CyberTipline report status to the subject of a report. Only the reporting electronic service provider and law enforcement have access to that information. 18 U.S.C. § 2258A(e). Plaintiff has no alternative means to obtain the answer.

### D. The burden on Meta is negligible.

Meta can determine whether it filed a CyberTipline report for a specific account by querying its own records. The response required under Rule 36 is a single sentence.

### E. Early resolution of this question will promote efficient case management.

The answer to this request will materially affect the scope and direction of all subsequent proceedings. If Meta admits the request, certain claims and defenses may narrow, reducing the volume of discovery and the complexity of dispositive motion practice. If Meta denies the request, Plaintiff will have a defined factual dispute around which to structure targeted discovery. In either scenario, having the answer before the Rule 26(f) conference will make that conference more productive and will allow the parties to propose a case management plan that reflects the actual scope of the dispute. This is the type of case-management efficiency that the good-cause standard is designed to facilitate.

### Conclusion

Plaintiff respectfully requests that the Court enter an order authorizing Plaintiff to serve the proposed Request for Admission, attached as Exhibit A, on Meta Platforms, Inc. before the Rule 26(f) conference.

Dated: February 18, 2026                                        Respectfully submitted,



MARVELLE J. "JAY" BALLENTINE
Plaintiff, pro se
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

## Local Rule 3.01(g) Certificate

Pursuant to Local Rule 3.01(g), Plaintiff certifies as follows:

Meta Platforms, Inc. has not appeared in this action and has no counsel of record. On February 18, 2026, Plaintiff emailed counsel for Meta in the related Northern District of California action, Ballentine v. Meta Platforms, Inc., et al., Case No. 3:25-cv-07671-CRB, requesting that Meta stipulate to early service of the proposed Request for Admission. As of the time of this filing, Plaintiff has not received a response.

Pursuant to Local Rule 3.01(g)(3), Plaintiff will diligently attempt to confer with Meta's counsel for three business days following this filing and will promptly supplement this motion with a certification of the outcome.

