# EXHIBIT A

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

MARVELLE J. "JAY" BALLENTINE,

*Plaintiff,*

v.

META PLATFORMS, INC.; ACCENTURE LLP;

TASKUS, INC.; and GENPACT USA, INC.,

*Defendants.*

Case No. 6:26-cv-00286-AGM-DCI

### RFA (Single Request Only)

### PLAINTIFF'S FIRST REQUEST FOR ADMISSION

*(Served pursuant to Fed. R. Civ. P. 36(a))*

# I. PREAMBLE & GENERAL INSTRUCTIONS

1. **Applicability.** Defined terms apply to singular/plural forms and all logical variants. Conjunctions are inclusive ("and/or"). "Including" means without limitation. Present tense includes past and future.

2. **Knowledge Standard (Fed. R. Civ. P. 36(a)(4)).** If you lack knowledge or information sufficient to admit or deny, you must:

   (a) state that lack explicitly; and

   (b) describe in detail the reasonable inquiry made and why the information known or readily obtainable is insufficient. The description shall identify the systems, data sources, and personnel consulted.

3. **Temporal Scope.** "On or before August 3, 2022" means any moment up to and including 23:59:59 UTC on August 3, 2022. If you contend the Account-Level Enforcement Event occurred on a different date, this Request applies through the actual date of disablement.

4. **Explicit Objection Protocol.** If you object to any portion of this Request, you must:

   (a) state each specific ground;

   (b) identify with precision the portion objected to; and

   (c) admit or deny all non-objected portions. Boilerplate objections are improper and will be treated as a failure to respond under Rule 36(a)(6).

5. **Privilege / Protection (Fed. R. Civ. P. 26(b)(5)).** If you withhold an answer based on privilege or protection, you must contemporaneously:

    (a) state the exact privilege/protection asserted; and

    (b) serve a privilege log sufficient to assess the claim. Failure to serve a compliant log with your response constitutes waiver.

6. **Confidentiality Clarification.** This Request seeks only an admission or denial of existence of any transmission; it does not seek the contents of any report or any PII of minors. If you contend a statute restricts disclosure, you shall still admit or deny existence and may request the answer be designated CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER or lodged in camera.

7. **Existence Encompasses Any Form.** This Request concerns any transmission form, including individual reports, bundled/batch submissions, API relays, or other secure channels, whether automated or manual.

8. **Trapdoor Certification (Rules 36(a)(5) & 37(c)(2)).** A denial without a reasonable basis, or an evasive answer that does not fairly meet the substance of the Request, may result in cost-shifting, evidentiary preclusion, and other sanctions.

9. **Signature.** Each answer or objection must be signed under Fed. R. Civ. P. 26(g).

## II. DEFINITIONS (For this Request only)

- **"Plaintiff."** The named plaintiff in this action.

3

- **"Meta."** Meta Platforms, Inc.; its predecessors, subsidiaries, affiliates, divisions, business units; and each of their current/former officers, directors, employees, contractors, agents, attorneys, vendors, and any automated systems acting on Meta's behalf.

- **"Plaintiff's Account Identifiers."** Any user-ID, profile URL, username, e-mail, phone number, device fingerprint, cookie, internal or external identifier, hash or other token that Meta's systems map(ped) to Plaintiff's Facebook account at any time.

- **"Plaintiff's Flagged Content."** Any photo, video, text, link, file, hash, perceptual hash, or metadata generated, posted, stored, or uploaded by Plaintiff that Meta's systems flagged, labeled, queued, or associated under any taxonomy relating to Child Sexual Exploitation ("CSE"), Child Sexual Abuse Material ("CSAM"), or any synonymous internal code or successor label.

- **"Account-Level Enforcement Event."** The enforcement action that resulted in the disablement or permanent restriction of Plaintiff's Facebook account on or about August 3, 2022, whether or not Meta associated a specific content item with that action.

- **"CyberTipline Report."** The electronic notice or batch transmission—individual or bundled—required or made under 18 U.S.C. § 2258A, delivered (by API, secure email, secure file-transfer, or successor channel) to the National Center for Missing & Exploited Children ("NCMEC"). For avoidance of doubt, this includes any message, packet, file, payload, bundle, or API call that NCMEC's

4

CyberTipline infrastructure receives from Meta (directly or via an intermediary) that Meta classifies or counts internally as reportable under § 2258A or its successors.

- **"Transmit."** To send, submit, forward, batch, upload, deliver, or otherwise cause to reach NCMEC in any form, including via automated relay.

- **"Reference" / "Referenced."** To contain, attach, embed, incorporate, derive from, link to, encode the hash of, or otherwise include data permitting NCMEC or law enforcement to identify Plaintiff's Flagged Content or Plaintiff's Account Identifiers—including hash-based or perceptual-hash identifiers (e.g., PhotoDNA, PDQ, TMK/PDQF or successors), account-level identifiers, and any indirect pointer or token enabling resolution to Plaintiff's account or content, whether or not Plaintiff's name appears.

## III. SINGLE REQUEST FOR ADMISSION

### RFA No. 1

Admit that, in connection with the Account-Level Enforcement Event, on or before August 3, 2022, Meta did not Transmit any CyberTipline Report to NCMEC that Referenced Plaintiff's Flagged Content or Plaintiff's Account Identifiers.

Dated: February 18, 2026

5

Respectfully submitted,



MARVELLE J. "JAY" BALLENTINE
Plaintiff, pro se
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com
