# DECLARATION OF MARVELLE J. BALLENTINE

## PURSUANT TO 28 U.S.C. § 1746

1. I am the Plaintiff in *Ballentine v. Meta Platforms, Inc., et al.*, Case No. 6:26-cv-00376-AGM-RMN, and in *Ballentine v. Accenture LLP, et al.*, Case No. 6:26-cv-00286-AGM-DCI, both pending in this Court.

2. I am not represented by counsel in either matter. I appear pro se.

3. I have designated a communication intermediary through whom all communications from defense counsel in both matters shall be directed. The intermediary's identity and contact information have been communicated directly to all counsel by separate correspondence dated March 19, 2026.

4. The designated intermediary is not an attorney and is not admitted to practice law in any jurisdiction. The intermediary does not provide legal advice, does not exercise independent judgment, does not draft or prepare any substantive communication, and does not make representations on my behalf.

5. The intermediary's function is limited to receiving correspondence from defense counsel, delivering that correspondence to me, and transmitting my responses. All substantive communications from me are prepared, signed, and transmitted in PDF format by me. The intermediary attaches and sends those documents at my direction. The intermediary does not add to, alter, or interpret the content of any communication.

6

6.    I have implemented this protocol because counsel for Defendant Accenture LLP in the civil rights action includes attorneys who are named individual defendants in the related defamation action before this Court and in a related action in the Fifth Judicial Circuit. The conduct giving rise to those related actions occurred in the course of their representation of Accenture. Kirkland & Ellis LLP is itself a named defendant in the Fifth Judicial Circuit action facing claims including intentional infliction of emotional distress. Meta Platforms, Inc. is a named defendant in the Fifth Judicial Circuit action facing claims including civil conspiracy to defame and intentional infliction of emotional distress.

7.    On February 10, 2026, my written request to discontinue direct communications with named defendants was overridden by counsel on two occasions. In the weeks preceding this Declaration, I received communications from both Kirkland and Orrick that required careful review within compressed timeframes. The volume and timing of these communications prompted me to delay and phase service of remaining defendants to allow for efficient plaintiff-side case management. Separately, following my transmission of a settlement offer to Kirkland & Ellis LLP, Anderson, Keegan, and Accenture, I received multiple communications from Kirkland in close succession. These included a request that I indicate whether I agreed to Anderson's appearance pro hac vice in the civil rights matter.

8. In the course of receiving these communications, I began experiencing manifestations of emotional distress. I attribute these manifestations to the combination of direct communications from attorneys at a firm that is a named defendant in a related action, the involvement of an attorney whose personal conduct forms the basis of the defamation claims, and the arrival of litigation correspondence in my personal inbox alongside personal and family communications. These communications were not segregated from my daily life. They arrived in the same inbox where I receive messages from my family, and other personal matters.

9. I considered and initiated conferral regarding disqualification of counsel. Upon reflection, I concluded that disqualification, while supported by the record, would introduce procedural complexity that could delay resolution on the merits. I voluntarily rescinded that conferral on March 19, 2026, out of deference to the defendants' right to retain counsel of their choice.

10. I am evaluating whether the pattern and content of the communications received between February 10, 2026 and March 19, 2026 support amendment of the operative pleading in the defamation action. The communication protocol described in this Declaration is intended, in part, to preserve the status quo while I complete that evaluation.

11. The communication protocol I have implemented is the least restrictive measure available to me. It preserves all parties' right to counsel. It preserves all channels of communication. It imposes no burden on any party

other than directing correspondence to a different email address. It is designed to allow me to continue prosecuting these actions in an orderly manner while protecting my wellbeing.

12.    I do not seek any relief from the Court by this Declaration. I submit it to place the factual basis for the communication protocol on the record under penalty of perjury.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: March 20, 2026

Marvelle J. Ballentine

9