**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

MARVELLE J. BALLENTINE,
  Plaintiff,

v.

META PLATFORMS, INC., *et al.*,

  Defendants.

Case No. 6:26-cv-00376-AGM-DCI
Case No. 6:26-cv-00286-AGM-DCI
Case No. 5:26-cv-00213-AGM-PRL

## TIME-SENSITIVE PETITION FOR ADMINISTRATIVE REASSIGNMENT

**TO:** The Honorable Marcia Morales Howard, Chief United States District Judge

This petition is designated time-sensitive under Local Rule 3.01(e). Defendant Accenture LLP was served with interrogatories on March 10–11, 2026, in the state court proceeding before removal. Responses are due April 10, 2026. A videotaped organizational deposition of Accenture LLP is noticed for April 17, 2026. These obligations carried into federal court under 28 U.S.C. § 1450, which provides that all state court orders and discovery "shall be held to be binding" after removal. Accenture's own Notice of Removal attaches exhibits acknowledging service of the discovery package. Case No. 213, Dkt. 1. On April 1, 2026, Case No. 213 was sua sponte transferred to Judge Moe. No scheduling order has been entered. No case management conference has been set. The Case

1

Management Report is not due until May 4, 2026. Without judicial action before April 10, no enforcement mechanism exists for discovery obligations that are currently running. Plaintiff has incurred costs arranging the April 17 deposition. Plaintiff respectfully requests that the Chief Judge consider this petition by April 9, 2026.

1.      Plaintiff petitions the Chief Judge to exercise her authority under 28 U.S.C. § 137 to reassign the above-captioned cases. Plaintiff does not seek recusal under 28 U.S.C. § 455 and makes no allegation of bias.

## CASES AND COMMON PARTIES

1.      Case No. 376 and Case No. 286 are assigned to District Judge Anne-Leigh Gaylord Moe and Magistrate Judge Daniel C. Irick. Case No. 213 was originally assigned to District Judge Jordan Emery Pratt and Magistrate Judge Philip R. Lammens in the Ocala Division. On April 1, 2026, Judge Pratt sua sponte transferred Case 213 to Judge Moe under Local Rule 1.07(a). Case 213, Dkt. 18, 19. All three cases are now before Judge Moe.

2.      All three cases arise from the same conduct: Facebooks' foreclosure of Plaintiff's right to make and modify contracts on July 4, 2022 under a Child Sexual Exploitation policy designation. Defendant Accenture LLP appears in two of the three cases. Kirkland & Ellis LLP represents Accenture in both cases in which Accenture LLP appears.

## PROCEDURAL RECORD

1.      On March 30, 2026, the Court struck Plaintiff's timely oppositions to two dispositive motions in Case No. 376 for "failure to comply with Local Rule 3.01(c)" without identifying the deficiency. Dkt. 56; Dkt. 57. The orders imposed a seven-day cure deadline. Local Rule 3.01(d) provides twenty-one days. Plaintiff filed early. The cure period imposed was **shorter** than the original response period.

2.      The orders warned that failure to comply "may result in the imposition of sanctions including, but not limited to, the dismissal of this action." Dkt. 56; Dkt. 57.

3.      On March 23, 2026, the Court struck a defendant's disclosure statement and identified the deficiency: "failure to comply with Local Rule 3.03, which requires the use of the standard form from the Clerk or the Court's website." Dkt. 47. No cure deadline was imposed. No unopposed-treatment warning was issued. No sanctions language was quoted.

4.      Kirkland & Ellis has filed certificates of service in Cases 376 and 286 certifying CM/ECF transmission to "all unrepresented parties." Plaintiff is not a registered CM/ECF user. Fed. R. Civ. P. 5(b)(2)(E) permits electronic service only on registered users or persons who have consented in writing. The docket does not reflect service on Plaintiff by any authorized means. The Court has taken no action.

3

5.      Orrick, Herrington & Sutcliffe LLP filed a motion and notice in Case 376 with no certificates of service. Dkt. 31; Dkt. 38. The Court granted relief on Dkt. 31 the following day. The docket does not reflect service on Plaintiff. The Court has taken no action.

6.      On March 23, 2026, Magistrate Judge Norway recused in Case 376. Dkt. 45. The case was reassigned to Magistrate Judge Irick, who was already assigned to Case No. 286 before the same district judge. Dkt. 46. The continued validity of three orders entered by Magistrate Judge Norway prior to recusal has not been reviewed.

7.      On April 3, 2026, Plaintiff filed a motion in Case No. 376 preserving nineteen issues for appellate review. Each issue is documented with docket citations and grounded in Fed. R. Civ. P. 83(a)(2), Fed. R. Civ. P. 5, Local Rule 3.01, 28 U.S.C. § 455, and the Fifth and Fourteenth Amendments. The motion is attached as Exhibit A.

## AUTHORITY

1.      Under 28 U.S.C. § 137, the Chief Judge "shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases."

4

## <u>REQUEST</u>

1.      Plaintiff requests that the Chief Judge reassign Case Nos. 376, 286, and 213 through the district's standard random assignment process, with no overlap of district judges or magistrate judges among the three cases.

2.      Plaintiff seeks symmetric application of the Local Rules, specific identification of any deficiencies, uniform enforcement of service requirements, and procedural treatment consistent with that afforded to defendants.

## Local Rule 3.01(g) Certification

This petition is directed to the Chief Judge's administrative and supervisory authority under 28 U.S.C. § 137. It does not seek relief against any party and is not subject to the conferral requirement of Local Rule 3.01(g).

Dated: April 1, 2026

Marvelle J. Ballentine
*Plaintiff, pro se*
7862 W. Irlo Bronson Memorial Hwy
#82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

5

## **EXHIBITS**

**Exhibit A:** Plaintiff's Urgent Motion for Recusal and to Identify Deficiency, Toll

Cure Period, and Clarify Service, Case No. 6:26-cv-00376-AGM-DCI (as filed),

with Tables C through G

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2026, I filed the foregoing with the Clerk of Court. All counsel of record are registered CM/ECF users and will be served electronically through the Court's CM/ECF system upon docketing.

Marvelle J. Ballentine