# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

      v.                                    Case No. 6:26-cv-00376-AGM-DCI

META PLATFORMS, INC., ACCENTURE LLP,
GENPACT LIMITED, and TASKUS, INC.,

    *Defendants.*

## PLAINTIFF'S URGENT MOTION FOR RECUSAL AND TO IDENTIFY DEFICIENCY, TOLL CURE PERIOD, AND CLARIFY SERVICE

### BASIS FOR EXPEDITED CONSIDERATION

This motion requires resolution before April 6, 2026. The Court's orders at Dkt. 56 and Dkt. 57 direct Plaintiff to file compliant responses by that date but do not identify the deficiency Plaintiff must cure. Unless the Court identifies the deficiency before the cure deadline, Plaintiff cannot comply — and noncompliance will result in two dispositive motions proceeding as unopposed. The relief requested in this motion is a precondition to the compliance the Court's own orders require.

## STATEMENT OF ISSUE TO BE DECIDED

Whether this district court may enforce an unspecified local-rule form defect to delete timely *pro se* oppositions, compress the cure period below the original response deadline, and threaten unopposed treatment — where proper service of the underlying motion never occurred and the Court knows the Plaintiff receives notice exclusively by U.S. mail — consistent with Fed. R. Civ. P. 83(a)(2); whether the imposition of compressed deadlines on the *pro se* Plaintiff that systematically align with defense deadlines and produce defense-favorable procedural outcomes reflects conduct consistent with the impartial administration of justice; and whether the cumulative procedural record requires recusal under 28 U.S.C. § 455(a).

## PRIOR PROCEEDINGS: NORTHERN DISTRICT OF CALIFORNIA

On February 17, 2026, Plaintiff filed a Request for Judicial Notice of proceedings in the Northern District of California, Case No. 3:25-cv-07671-CRB. Dkt. 4. The Court has taken no action on that request. The following summary is derived from the official docket of that case and from Exhibit A to Dkt. 4.

Case No. 3:25-cv-07671-CRB was filed on September 9, 2025 and involved two of the defendants in the present action — Meta Platforms, Inc. and Accenture LLP — and claims arising from the same underlying conduct. The case was pending for more than five months. During that period, no Rule 26(f) conference was held, discovery never opened, and the Case Management Conference was vacated and never reset. Every procedural request made by Plaintiff was denied. Every procedural request made by Defendants was granted. Plaintiff voluntarily dismissed the NDCA action on February 13, 2026 and filed the present action on February 17, 2026.

2

**PROCEDURAL RECORD: THIS CASE**

1.      On February 17, 2026, Plaintiff filed his Complaint. Dkt. 1.

2.      On February 18, 2026, Plaintiff filed a Motion for Leave to Serve Limited Early Discovery. Dkt. 7.

3.      On February 25, 2026, Magistrate Judge Norway denied Plaintiff's Motion for Leave to Serve Limited Early Discovery. Dkt. 18.

4.      On March 4, 2026, Plaintiff filed his Amended Complaint. Dkt. 19.

5.      On March 11, 2026, Judge Moe entered a notice directing the parties to read and comply with the Local Rules. Dkt. 23. The notice stated: "Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice."

6.      On March 12, 2026, Judge Moe entered a standing order requiring disclosure of third-party litigation funding. Dkt. 25. Plaintiff filed his certification on March 16, 2026. Dkt. 26. The filing was two pages. Plaintiff was afforded approximately ten days.

7.      On March 18, 2026, Defendant Accenture LLP filed a Notice of Appearance (Dkt. 27) and a Motion to Dismiss (Dkt. 29). The certificate of service on Accenture's Motion states: "I HEREBY CERTIFY that on March 18, 2026, I electronically filed the foregoing through Middle District of Florida's CM/ECF System, which will send a copy to all unrepresented parties and counsel of record." Dkt. 29 at 24.

8.      Plaintiff is not registered for CM/ECF. The docket does not reflect service of Accenture's Motion on Plaintiff by any means other than the CM/ECF certification described in the preceding paragraph.

3

9.     On March 19, 2026, Defendant Genpact Limited filed a Motion for Extension of Time to respond to the Amended Complaint. Dkt. 31. The docket does not reflect conferral with Plaintiff before filing. The docket does not reflect a certificate of service for Dkt. 31.

10.     On March 20, 2026, Magistrate Judge Norway granted Genpact's Motion for Extension of Time. Dkt. 33. The order extended Genpact's response deadline to April 22, 2026. The order imposed a conferral requirement on all parties with a sanctions warning. The docket does not reflect that Plaintiff was consulted before the extension was granted. The motion on which the Court acted (Dkt. 31) was not accompanied by a certificate of service reflecting service on Plaintiff by any means.

11.     On March 20, 2026, Magistrate Judge Norway granted Devin S. Anderson's motion to appear pro hac vice on behalf of Accenture. Dkt. 32. Anderson is a named individual defendant in Plaintiff's related case, No. 6:26-cv-00286-AGM-DCI.

12.     On March 20, 2026, Plaintiff filed his Opposition to Accenture's Motion to Dismiss. Dkt. 40. Under Local Rule 3.01(d), if service of Accenture's Motion had been properly effected on March 18, 2026, the response deadline would have been April 8, 2026. Plaintiff filed nineteen days before that deadline.

13.     On March 23, 2026, Magistrate Judge Norway entered an order of recusal. Dkt. 45. Between February 25 and March 23, 2026, Magistrate Judge Norway entered three orders in this case: Dkt. 18 (February 25, 2026), Dkt. 32 (March 20, 2026), and Dkt. 33 (March 20, 2026).

14.     On March 23, 2026, this case was reassigned to Magistrate Judge Daniel C. Irick. Dkt. 46. Magistrate Judge Irick was already presiding over Plaintiff's related case, No. 6:26-cv-00286-AGM-DCI, before the same district judge.

15.    On March 23, 2026, Judge Moe entered an endorsed order striking Defendant TaskUs's Disclosure Statement (Dkt. 37) for failure to comply with Local Rule 3.03. Dkt. 47. The order identified the specific deficiency: "which requires the use of the standard form from the Clerk or the Court's website." The order did not impose a cure deadline. The order did not threaten unopposed treatment. The order did not quote the warning language from Dkt. 23. At the time Dkt. 47 was entered, the docket reflected multiple filings by Kirkland & Ellis LLP with certificates of service certifying CM/ECF transmission to a pro se plaintiff who is not a registered CM/ECF user. The docket also reflected two filings by Orrick, Herrington & Sutcliffe LLP on behalf of Genpact (Dkt. 31 and Dkt. 38) with no certificates of service filed at all. The Court addressed none of these deficiencies.

16.    On March 23, 2026, Defendant TaskUs, Inc. filed a Motion to Dismiss. Dkt. 48. Under Local Rule 3.01(d), the response deadline was April 13, 2026.

17.    On March 24, 2026, Magistrate Judge Irick denied Plaintiff's Motion for Scheduling Directive Regarding Rule 26(f) Conference and Case Management Report. Dkt. 50. This was Magistrate Judge Irick's first substantive action in this case following reassignment. The scheduling directive had documented that Magistrate Judge Norway's grant of Genpact's extension (Dkt. 33) was entered without conferral, eliminating Plaintiff's ability to negotiate concessions during the conferral process. The docket does not reflect that any judicial officer has reviewed the continued validity of the three orders entered by Magistrate Judge Norway prior to his recusal.

Two magistrate judges have presided over this case. Each denied a motion seeking access to discovery as his first substantive action following assignment. The identical scheduling directive filed in the related case, No. 6:26-cv-00286-AGM-DCI, before the same magistrate judge, has not been ruled on.

5

**Table C: Discovery-Access Rulings**

| Dkt. | Date | Magistrate Judge | Plaintiff's Filing | Ruling | First Substantive Action After Assignment | Identical Motion in Case No. 286 |
|---|---|---|---|---|---|---|
| 18 | Feb. 25, 2026 | Norway | Motion for Leave to Serve Limited Early Discovery (Dkt. 7) | Denied | Yes | N/A |
| 50 | Mar. 24, 2026 | Irick | Motion for Scheduling Directive re Rule 26(f) Conference (Dkt. 39) | Denied | Yes | Pending; no ruling as of March 31, 2026 |

18.    On March 27, 2026, Plaintiff filed his Opposition to TaskUs's Motion to Dismiss. Dkt. 53. Plaintiff filed seventeen days before the April 13 deadline.

19.    On March 30, 2026, the Court struck Plaintiff's Opposition to Accenture's Motion (Dkt. 40) for "failure to comply with Local Rule 3.01(c)." Dkt. 56. The order did not identify the deficiency. The order directed Plaintiff to file a compliant response on or before April 6, 2026. The order stated that failure to file a compliant response by that date "may result in the 29 Motion to Dismiss being treated as unopposed." The order quoted the warning language from Dkt. 23: "Failure to comply with ANY Local Rules or Court Orders may result in the imposition of

6

sanctions including, but not limited to, the dismissal of this action or entry of default without further notice."

20.    On March 30, 2026, the Court struck Plaintiff's Opposition to TaskUs's Motion (Dkt. 53) for "failure to comply with Local Rule 3.01(c)." Dkt. 57. The order did not identify the deficiency. The order imposed the same April 6, 2026 cure deadline. The order quoted the same warning language from Dkt. 23.

21.    The April 6, 2026 cure deadline provides seven days from the date of the orders. Plaintiff's original response period under Local Rule 3.01(d) was twenty-one days from service. For Accenture's Motion (Dkt. 29), the cure deadline is two days shorter than the original response period. For TaskUs's Motion (Dkt. 48), the cure deadline is seven days shorter than the original response period. Plaintiff filed both oppositions early. Plaintiff's early filing resulted in a cure period shorter than the time originally available to respond.

22.    Plaintiff is not a registered CM/ECF user. The Court is aware of this. Every docket entry made by the Court in this case has been transmitted to Plaintiff by U.S. mail. The Court's own mailing practice confirms its knowledge that Plaintiff does not receive electronic notice of court orders.

23.    U.S. mail transmission from the Middle District of Florida to Plaintiff's address takes approximately three days. The orders at Dkt. 56 and Dkt. 57 were entered on March 30, 2026. If transmitted by U.S. mail on the date of entry, Plaintiff would have received them on or about April 2, 2026. The April 6 cure deadline affords approximately four days from receipt — not seven days from entry.

24.    Fed. R. Civ. P. 6(d) adds three days to any period measured from service under Rule 5(b)(2)(C) (mail). Rule 6(d) governs party-to-party service, not court orders. The policy it reflects — that the Federal Rules account for mail transmission time when a deadline is triggered by a mailed document — is directly applicable here.

7

The Court imposed a deadline triggered by its own order, transmitted by the same method (U.S. mail) that Rule 6(d) addresses, without accounting for the transmission time that the Federal Rules recognize. The effective cure period — approximately four days — is shorter than the seven days stated in the orders and substantially shorter than the twenty-one days Local Rule 3.01(d) provides.

25. Under Fed. R. Civ. P. 15(a)(3), Meta's deadline to respond to the Amended Complaint in this case is April 9, 2026. The April 6 cure deadline resolves Plaintiff's procedural posture — whether the oppositions are restored, refiled, or treated as forfeited — three days before Meta must commit to its response. In Case No. 286, Magistrate Judge Irick's seven-day SAC order (Case No. 286, Dkt. 18) imposed a deadline that coincided with the defense response deadline and mooted the defense's pending obligation. In both instances, compressed deadlines imposed exclusively on the *pro se* Plaintiff interacted with defense deadlines in ways that produced defense-favorable procedural outcomes.

### COMPARATIVE RECORD: CASE NO. 6:26-cv-00286-AGM-DCI

Case No. 6:26-cv-00286-AGM-DCI is a related action before the same district judge (Judge Moe) and the same magistrate judge (Magistrate Judge Irick). The same pro se Plaintiff is a party in both cases.

On February 18, 2026, Judge Moe entered a standing order in Case No. 286 requiring disclosure of third-party litigation funding. Case No. 286, Dkt. 21. Plaintiff was afforded approximately ten days. The filing was two pages.

On February 25, 2026, Magistrate Judge Irick entered an order in Case No. 286 directing Plaintiff to file a Second Amended Complaint on or before March 4, 2026. Case No. 286, Dkt. 18. The order required that the Second Amended Complaint identify all defendants and the citizenship of all remaining parties, include all claims,

allegations, and parties, and not reference or incorporate any prior pleading. The order provided seven days.

On March 20, 2026, Plaintiff filed his Opposition to the Anderson/Keegan Motion to Dismiss in Case No. 286. Case No. 286, Dkt. 29. That opposition has not been stricken.

## SUA SPONTE CONSOLIDATION: CASE NO. 5:26-cv-00213-AGM-PRL

On March 25, 2026, Accenture removed Case 213 to the Ocala Division. Dkt. 1. The case was assigned to Judge Jordan Emery Pratt. Dkt. 5. Plaintiff filed a motion to transfer to the Orlando Division (Dkt. 9), then withdrew it (Dkt. 15). The court denied the withdrawn motion as moot (Dkt. 17). On April 1, 2026, Judge Pratt sua sponte transferred Case 213 to Judge Moe under Local Rule 1.07(a). Dkt. 18, 19. All three cases are now before Judge Moe.

On March 30, 2026, Magistrate Judge Irick entered orders in the present case directing Plaintiff to refile two oppositions to dispositive motions on or before April 6, 2026. Dkt. 56, Dkt. 57. The orders provided seven days. The orders did not identify the deficiency.

The following table presents the deadlines imposed on the same pro se Plaintiff by the same judicial officers across both related cases.

**Table D: Deadlines Imposed on Plaintiff Across Related Cases**

|  | **286 Lit. Funding (Moe)** | **376 Lit. Funding (Moe)** | **286 SAC (Irick)** | **376 Opp. Acc. MTD (Irick)** | **376 Opp. TaskUs MTD (Irick)** |
|---|---|---|---|---|---|
| **Filing Required** | 2-page certificatio n | 2-page certificatio n | Complete complaint — all claims, all | Opposition to dispositive motion — | Opposition to dispositive motion — |

9

|  |  |  | parties, no incorporation | cure unspecified deficiency | cure unspecified deficiency |
|---|---|---|---|---|---|
| **Days Afforded** | ~10 | ~10 | 7 | 7 | 7 |
| **Standard Period** | N/A | N/A | Court-ordered | 21 days | 21 days |
| **Deficiency Specified** | N/A | N/A | Yes | No | No |
| **Judge** | Moe | Moe | Irick | Irick | Irick |

## SERVICE RECORD: DEFENSE COUNSEL

Three law firms represent defendants. Two have not complied with the service requirements of Fed. R. Civ. P. 5:

Kirkland & Ellis LLP (Accenture): Every certificate of service certifies CM/ECF transmission. Plaintiff is not a registered CM/ECF user and has not consented to electronic service. The docket does not reflect service by any authorized means.

Orrick, Herrington & Sutcliffe LLP (Genpact): No certificate of service filed for Dkt. 31 or Dkt. 38. The Court granted relief on Dkt. 31 the day after filing without any indication Plaintiff was served.

Ogletree Deakins (TaskUs): The docket reflects compliance with service requirements.

The deficiencies are documented in Table E. The Court has not addressed service noncompliance by either noncompliant firm. The Court struck Plaintiff's filings for an unspecified deficiency.

## COMPREHENSIVE DEFICIENCY RECORD

10

The following table identifies every filing on the docket with an identifiable procedural deficiency and the Court's action or inaction on each.

**Table E: Filing Deficiencies — Court Action Taken and Not Taken**

| Dkt. | Filed By | Filing | Deficiency | Court Action | Judicial Officer |
|---|---|---|---|---|---|
| 27 | Kirkland & Ellis (Accentu re) | Notice of Appearance | Certificate of service certifies CM/ECF to non-registered pro se Plaintiff | None | Moe (docket supervision) |
| 29 | Kirkland & Ellis (Accentu re) | Motion to Dismiss | Certificate of service certifies CM/ECF to non-registered pro se Plaintiff; service not effected under Rule 5(b)(2)(E) or Local Rule 1.02(b) | None | Moe / Norway |
| 30 | Kirkland & Ellis (Accentu re) | Motion to Appear Pro Hac Vice | Certificate of service certifies CM/ECF to non-registered pro se Plaintiff | None; motion granted (Dkt. 32) | Norway |
| 31 | Orrick (Genpact ) | Motion for Extension of Time | No certificate of service filed; Fed. R. Civ. P. 5(a)(1) requires service; Fed. R. Civ. P. 5(d) requires certificate | None; relief granted next day (Dkt. 33) | Norway |
| 37 | Ogletree Deakins (TaskUs) | Disclosure Statement | Wrong form under Local Rule 3.03 | Stricken (Dkt. 47); deficiency identified; no cure | Moe |

11

| | | | | deadline; no sanctions threat; no dismissal warning | |
|---|---|---|---|---|---|
| 38 | Orrick (Genpact) | Notice of Lead Counsel Designation | No certificate of service filed | None | Moe / Irick |
| 40 | Plaintiff | Opposition to Accenture MTD | "Failure to comply with Local Rule 3.01(c)" — deficiency unspecified | Stricken and deleted (Dkt. 56); 7-day cure deadline; unopposed treatment threatened; Dkt. 23 dismissal warning quoted | Irick |
| 53 | Plaintiff | Opposition to TaskUs MTD | "Failure to comply with Local Rule 3.01(c)" — deficiency unspecified | Stricken and deleted (Dkt. 57); 7-day cure deadline; unopposed treatment threatened; Dkt. 23 dismissal warning quoted | Irick |
| 54 | Kirkland & Ellis (Accenture) | Motion for Leave to File Reply | Directed to a filing (Dkt. 40) that was stricken on the same date | Denied as moot (Dkt. 56); no deficiency noted regarding service certificate | Irick |

12

Nine filings on the docket contain identifiable procedural deficiencies. Seven are defense filings. Two are Plaintiff's filings. Of the seven defense filings, one received corrective action with precise identification of the defect, no cure deadline, and no sanctions threat (Dkt. 47). Six received no action. Of the two Plaintiff filings, both were stricken, deleted, given compressed cure deadlines, threatened with unopposed treatment, and quoted the Dkt. 23 dismissal warning.

**APPLICABLE LAW**

## I.    Fed. R. Civ. P. 83(a)(2)

Rule 83(a)(2) provides: "A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."

Local Rule 3.01(c) imposes requirements of form. The orders at Dkt. 56 and Dkt. 57 do not identify which requirement Plaintiff failed to satisfy.

A litigant cannot willfully violate a requirement he cannot identify. The orders do not identify the specific defect. Any noncompliance was nonwillful.

Enforcement through deletion of timely oppositions, compression of the cure period below the original response deadline, and threatened unopposed treatment would cause Plaintiff to lose the right to oppose two dispositive motions. Rule 83(a)(2) prohibits this result.

## II.    Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 1.02(b)

Rule 5(b)(2)(E) permits electronic service only on registered CM/ECF users or persons who have consented in writing. Plaintiff is neither. Local Rule 1.02(b) requires service on non-CM/ECF parties by mail. The service deficiencies are documented in Table E. Local Rule 3.01(d) measures the response period from service. If service was not effected, the response period has not commenced.

13

### III.   Fed. R. Civ. P. 6(d) and the Mail-Delay Principle

Rule 6(d) adds three days to deadlines triggered by mail service, reflecting federal policy that mail transmission time must be accounted for. The Court transmits orders to Plaintiff by U.S. mail. A cure deadline measured from entry, without mail-delay adjustment, imposes an effective deadline shorter than stated. The effective four-day cure period documented in ¶¶ 23-24 is inconsistent with due process.

### IV.   Local Rule 3.01(d)

Local Rule 3.01(d) provides twenty-one days to respond. The cure deadlines imposed by Dkt. 56 and Dkt. 57 are shorter than the original response periods. The deadline math is set forth in ¶ 21.

### V. 28 U.S.C. § 455(a)

Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The standard is objective. Recusal is required where a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality. *Liteky v. United States*, 510 U.S. 540, 548 (1994). The inquiry is not whether the judge is actually biased. The inquiry is whether the cumulative procedural record would cause a reasonable observer to question impartiality.

The procedural record relevant to this inquiry is set forth in Tables C through G and the chronological docket history presented in this motion. No single ruling compels recusal. The aggregate is the relevant inquiry under § 455(a).

### ASYMMETRIC ENFORCEMENT

#### Table F: Enforcement Disparity

14

|  | Def. TaskUs (Dkt. 37) | Plaintiff (Dkt. 40) | Plaintiff (Dkt. 53) |
|---|---|---|---|
| **Filing** | Disclosure Statement | Opp. to Accenture MTD | Opp. to TaskUs MTD |
| **Rule Cited** | Local Rule 3.03 | Local Rule 3.01(c) | Local Rule 3.01(c) |
| **Deficiency Identified** | Yes — "which requires the use of the standard form from the Clerk or the Court's website" | No | No |
| **Cure Deadline** | None imposed | April 6, 2026 (7 days) | April 6, 2026 (7 days) |
| **Unopposed Treatment Threatened** | No | Yes | Yes |
| **Dismissal Warning Quoted (Dkt. 23)** | No | Yes | Yes |
| **Order** | Dkt. 47 | Dkt. 56 | Dkt. 57 |

The warning language from Dkt. 23 was entered by Judge Moe. It has been quoted to Plaintiff in Dkt. 56 and Dkt. 57. The docket does not reflect that this warning language has been directed to any defendant in this case or in the related case, No. 6:26-cv-00286-AGM-DCI.

On March 23, 2026, Magistrate Judge Norway entered an order of recusal (Dkt. 45) and the case was reassigned to Magistrate Judge Irick (Dkt. 46). On the same date, Judge Moe entered an endorsed order striking one defense filing (Dkt. 47). The following table presents the docket activity on that date.

15

**Table G: Docket Activity — March 23, 2026**

| D kt. | Judicial Officer | Action |
|---|---|---|
| 45 | Norway | Order of recusal |
| 46 | Clerk | Reassignment to Magistrate Judge Irick |
| 47 | Moe | Struck TaskUs disclosure (Dkt. 37); identified deficiency ("which requires the use of the standard form from the Clerk or the Court's website"); no cure deadline; no sanctions threat; no dismissal warning |
| 48 | | TaskUs Filed Motion to Dismiss |

At the time Dkt. 47 was entered, the docket reflected six defense filings with identifiable deficiencies: three Kirkland & Ellis filings with certificates of service certifying CM/ECF transmission to a non-registered pro se party (Dkt. 27, 29, 30) and two Orrick filings with no certificates of service (Dkt. 31, 38), one of which formed the basis for a court order imposing obligations on all parties (Dkt. 33). The Court addressed one defense deficiency — a disclosure statement filed on the wrong form. The Court did not address any deficiency affecting service on the pro se Plaintiff.

Two of three defense firms in this case have failed to comply with the service requirements of Fed. R. Civ. P. 5. One filed certificates of service certifying a method of service that does not reach the pro se Plaintiff. One filed no certificates of service at all. The Court has not stricken, deleted, or otherwise addressed any defense filing for these deficiencies.

In the related case, Plaintiff's Opposition to the Anderson/Keegan Motion to Dismiss (Case No. 286, Dkt. 29) was filed on March 20, 2026 — the same date as the

Opposition stricken in this case (Dkt. 40). That opposition was filed by the same Plaintiff, before the same magistrate judge. It has not been stricken.

**STATEMENT OF PRESERVED APPELLATE ISSUES**

Plaintiff preserves the following issues for review by the United States Court of Appeals for the Eleventh Circuit and any subsequent proceeding. Each issue is supported by the procedural record established in this motion and on the docket of this case and the related case, No. 6:26-cv-00286-AGM-DCI.

**Issue 1.** Whether the Court's deletion of Plaintiff's timely oppositions to two dispositive motions for unspecified "failure to comply with Local Rule 3.01(c)" — without identifying the deficiency — violates Fed. R. Civ. P. 83(a)(2), which prohibits enforcement of a local rule imposing a requirement of form in a way that causes a party to lose any right because of a nonwillful failure to comply. Dkt. 56; Dkt. 57.

**Issue 2.** Whether *a pro se litigant's* noncompliance with a local rule can be deemed willful when the Court's orders do not identify the specific requirement the litigant failed to satisfy. Dkt. 56; Dkt. 57.

**Issue 3.** Whether the imposition of a seven-day cure period — shorter than the twenty-one-day response period provided by Local Rule 3.01(d) — on a litigant who filed early is consistent with due process and the Federal Rules. Dkt. 56; Dkt. 57; Local Rule 3.01(d).

**Issue 4.** Whether a motion to dismiss may be treated as unopposed when the movant's certificate of service certifies CM/ECF transmission to a pro se party who is not a registered CM/ECF user, has not consented in writing to electronic service, and has not been served by any other means reflected on the docket. Dkt. 29 at 24; Fed. R. Civ. P. 5(b)(2)(E); Local Rule 1.02(b).

**Issue 5.**    Whether the same magistrate judge's imposition of seven-day deadlines on the same pro se plaintiff in two related cases — seven days to draft a complete complaint in Case No. 286 (Case No. 286, Dkt. 18) and seven days to refile two oppositions to dispositive motions in the present case (Dkt. 56, Dkt. 57) — reflects a pattern of timeline compression inconsistent with the Federal Rules and Local Rules.

**Issue 6.**    Whether asymmetric enforcement of Local Rules — providing a defendant precise identification of its filing deficiency with no cure deadline, no unopposed-treatment threat, and no dismissal warning (Dkt. 47), while providing the pro se plaintiff no identification of his filing deficiency with a compressed cure deadline, unopposed-treatment threat, and dismissal warning (Dkt. 56, Dkt. 57) — is consistent with the equal administration of justice. U.S. Const. amends. V, XIV.

**Issue 7.**    Whether the docket reflects that dismissal-warning language from Dkt. 23 has been directed exclusively to the pro se plaintiff and never to any defendant in this case or the related case, No. 6:26-cv-00286-AGM-DCI.

**Issue 8.**    Whether the failure of two of three defense firms to comply with the service requirements of Fed. R. Civ. P. 5 — one filing certificates certifying CM/ECF transmission to a non-registered pro se plaintiff (Kirkland & Ellis LLP), and one filing no certificates of service at all (Orrick, Herrington & Sutcliffe LLP) — and the Court's silence on both, while striking Plaintiff's filings for an unspecified deficiency, constitutes asymmetric enforcement.

**Issue 9.**    Whether the continued validity of orders entered by Magistrate Judge Norway prior to his recusal (Dkt. 45) — including the grant of a defense extension without conferral with Plaintiff (Dkt. 33) — based on a motion (Dkt. 31) for which no certificate of service was filed and which the docket does not

18

reflect was served on Plaintiff by any means — which eliminated Plaintiff's ability to negotiate concessions — is consistent with the requirements of 28 U.S.C. § 455 and due process.

**Issue 10.**    Whether the reassignment of this case to the magistrate judge already presiding over Plaintiff's related case before the same district judge (Dkt. 46), following the prior magistrate judge's recusal, is consistent with the requirements of impartial adjudication.

**Issue 11.**    Whether the cumulative procedural record in this case — in which every contested procedural matter has been resolved adversely to Plaintiff — raises a question regarding the impartial administration of justice. U.S. Const. amends. V, XIV.

**Issue 12.**    Whether due process permits a court to grant relief on a motion (Dkt. 31) — extending a defendant's response deadline and imposing conferral obligations on all parties (Dkt. 33) — when the docket does not reflect a certificate of service for the motion, does not reflect service on the opposing party by any means, and the opposing party was afforded no notice or opportunity to oppose the relief before it was granted. U.S. Const. amends. V, XIV; Fed. R. Civ. P. 5(a)(1), 5(d).

**Issue 13.**    Whether the cumulative procedural record set forth in Tables C through G — in which every defense filing deficiency was either ignored or corrected without sanction, and every Plaintiff filing deficiency was met with deletion, compressed cure deadlines, unopposed-treatment threats, and dismissal warnings — requires recusal of the district judge under 28 U.S.C. § 455(a).

**Issue 14.**    Whether the cumulative procedural record set forth in this motion — in which every contested procedural matter has been resolved adversely to

19

Plaintiff, timely oppositions were stricken without identification of the deficiency, and the cure period was compressed below the original response deadline — requires recusal of the magistrate judge under 28 U.S.C. § 455(a).

**Issue 15.**    Whether the denial of Plaintiff's discovery-access motions by two successive magistrate judges — each as the magistrate judge's first substantive action in this case — while an identical motion remains pending without ruling in the related case before the same magistrate judge, reflects a pattern of foreclosing discovery inconsistent with the Federal Rules and due process. Dkt. 18; Dkt. 50; Case No. 6:26-cv-00286-AGM-DCI.

**Issue 16.**    Whether a seven-day cure period measured from the date of entry — imposed on a *pro se* plaintiff whom the Court knows receives orders exclusively by U.S. mail, as demonstrated by the Court's own practice of mailing every docket entry to Plaintiff — provides constitutionally adequate notice and opportunity to comply, where U.S. mail transmission reduces the effective cure period to approximately four days, and where Fed. R. Civ. P. 6(d) reflects a federal policy of accounting for mail transmission time when deadlines are triggered by service under Rule 5(b)(2)(C). U.S. Const. amends. V, XIV; Fed. R. Civ. P. 6(d).

**Issue 17.**    Whether the imposition of compressed seven-day deadlines on the *pro se* Plaintiff that systematically interact with defense deadlines — seven days to file a Second Amended Complaint in Case No. 286, coinciding with the defense response deadline and mooting the defense's pending obligation (Case No. 286, Dkt. 18); and seven days to cure unspecified deficiencies in Case No. 376, resolving Plaintiff's procedural posture three days before Meta's response deadline under Fed. R. Civ. P. 15(a)(3) (Dkt. 56; Dkt. 57) — reflects a pattern of compressed deadlines imposed exclusively on the *pro se* Plaintiff that produce

20

defense-favorable procedural outcomes inconsistent with the impartial administration of justice. U.S. Const. amends. V, XIV; 28 U.S.C. § 455(a).

**Issue 18.**    Whether the cumulative pattern of judicial conduct documented in this motion — asymmetric enforcement of procedural requirements, unidentified deficiencies, compressed deadlines calibrated to defense timelines, silence on defense service failures, and timeline compression imposed on a plaintiff the Court knows receives notice exclusively by U.S. mail — constitutes judicial coercion of a *pro se* litigant inconsistent with the due process guarantees of the Fifth and Fourteenth Amendments and the impartial administration of justice required by 28 U.S.C. § 455(a).

**Issue 19.**    Whether the sua sponte transfer of Case No. 5:26-cv-00213-AGM-PRL from the Ocala Division to Judge Moe — after Plaintiff withdrew his transfer motion and the court denied it as moot — consolidating all three cases before the district judge whose conduct is documented herein, two days after the March 30 orders, is consistent with impartial administration of justice. Case 213, Dkt. 15, 17, 18, 19; 28 U.S.C. § 455(a).

These issues are preserved regardless of the Court's disposition of this motion. A ruling granting the relief requested will resolve certain issues on the merits. A ruling denying the relief requested, or the absence of a ruling, will preserve all issues for appellate review upon entry of a final order.

Plaintiff is a pro se litigant proceeding without resources comparable to those available to the defendants in this action. Plaintiff has complied with every deadline imposed by this Court. Plaintiff has met every filing obligation. Plaintiff has conferred when required to confer. Plaintiff has served when required to serve. Plaintiff has not

sought disqualification of opposing counsel, notwithstanding a procedural record that would support such relief. Plaintiff has pursued his claims through orderly process at every stage — in the Northern District of California, in this Court, and in related proceedings before this Court. The procedural record is what it is. Plaintiff did not create it. Plaintiff has documented it. That record now requires Plaintiff to ask whether the judicial officers presiding over this case can administer it impartially. Plaintiff makes that request under 28 U.S.C. § 455(a), on the basis of the cumulative procedural record set forth in this motion, and with the same confidence in orderly process that has governed his conduct throughout these proceedings. Should this matter require further proceedings beyond this Court, Plaintiff is prepared to continue for as long as the process requires. Plaintiff's commitment to these claims is not contingent on the convenience of any party or the pace of any docket. It is grounded in an unshakable confidence that the federal judiciary — across every level of review to which a litigant is entitled — will administer justice impartially when presented with a complete record. With that confidence, Plaintiff continues to proceed, *pro se.*[1]

---

[1] Government cannot make us equal; it can only recognize, respect, and protect us as equal before the law." *Adarand Constructors, Inc. v. Peña,* 515 U.S. 200, 240 (1995) (Thomas, J., concurring in part and concurring in the judgment). "The Framers ensured that judges would decide cases according to the rule of law, and not of men." Clarence Thomas, Assoc. Justice, Supreme Court of the United States, Address Before the Federalist Society, National Lawyers Convention (Nov. 12, 1999). "In my humble opinion, those who come to engage in debates of consequence, and who challenge accepted wisdom, should expect to be treated badly. Nonetheless, they must stand undaunted. That is required. And that should be expected. For it is **bravery** that is required to secure freedom." Clarence Thomas, Assoc. Justice, Supreme Court of the United States, Address Before the National Bar Association, Memphis, Tennessee (July 28, 1998).

## RELIEF REQUESTED

The procedural record requires the following:

A.      The Court shall identify the specific Local Rule 3.01(c) deficiency in Plaintiff's Oppositions (Dkt. 40 and Dkt. 53) so that Plaintiff may cure the deficiency.

B.      The cure period shall be tolled until the Court identifies the deficiency. Upon identification, Plaintiff shall be afforded twenty-one days to file compliant responses — the same period Local Rule 3.01(d) provides for the original response.

C.      Any deadline imposed on Plaintiff by this Court shall account for the time required for U.S. mail transmission from the Court to Plaintiff's address, consistent with the policy reflected in Fed. R. Civ. P. 6(d). Deadlines measured from the date of order entry, without adjustment for mail transmission, deprive Plaintiff of the effective compliance period stated in the order.

D.      The Court shall determine whether service of Accenture's Motion to Dismiss (Dkt. 29) was effected consistent with Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 1.02(b). If service was not effected, Accenture shall be directed to serve the Motion by means authorized under Rule 5 before any response deadline commences.

E.      The Court shall determine whether Genpact's Motion for Extension of Time (Dkt. 31) was served on Plaintiff consistent with Fed. R. Civ. P. 5(a)(1) and 5(d). The docket does not reflect a certificate of service for Dkt. 31 or for Genpact's Notice of Lead Counsel Designation (Dkt. 38). If service was not effected, the Court shall determine the continued validity of the order granting the relief requested in that motion (Dkt. 33).

F.      The district judge shall determine whether recusal is required under 28 U.S.C. § 455(a) in light of the procedural record set forth in this motion, including the

selective enforcement documented in Tables E, F, and G, and the exclusive direction of the Dkt. 23 warning language to the pro se Plaintiff.

G.    The magistrate judge shall determine whether recusal is required under 28 U.S.C. § 455(a) in light of the procedural record set forth in this motion, including the deletion of Plaintiff's timely oppositions without identification of the deficiency, the compression of the cure period below the original response deadline, and the resolution of every contested procedural matter adversely to Plaintiff.

H.    Upon a determination that recusal is required, the Court shall direct the Clerk to reassign this case, the related case No. 6:26-cv-00286-AGM-DCI, and Case No. 5:26-cv-00213-AGM-PRL, through the district's standard random assignment process, with no overlap of judicial officers among the three cases.

I.    Such other relief as is consistent with the procedural record and applicable law.

Dated: April 1, 2026                                          Respectfully submitted,


                                                             Marvelle J. Ballentine
                                                             Plaintiff, *pro se*
                                                    7862 W. Irlo Bronson Memorial Hwy #82
                                                             Kissimmee, FL 34747
                                                             (407) 794-6503
                                                         jayballentine@protonmail.com

24

## LOCAL RULE 3.01(g) CERTIFICATION

On April 1, 2026, Plaintiff contacted counsel for Accenture, TaskUs, and Genpact regarding the relief requested in this motion and requested a response the same day. No substantive conferral was completed before filing. Plaintiff files this motion in light of the Court's April 6, 2026 deadline and will promptly supplement this certification after completing the conferral process required by Local Rule 3.01(g)(3).

Dated: April 1, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 2, 2026, I filed the foregoing with the Clerk of Court. All counsel of record are registered CM/ECF users and will be served electronically through the Court's CM/ECF system upon docketing.

Marvelle J. Ballentine