# EXHIBIT C

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MARVELLE J. BALLENTINE,

    *Plaintiff,*

    v.

Case No. 6:26-cv-00376-AGM-DCI
Case No. 6:26-cv-00286-AGM-DCI
Case No. 5:26-cv-00213-AGM-PRL

META PLATFORMS, INC., et al

    *Defendants.*

## DECLARATION OF MARVELLE J. BALLENTINE IN SUPPORT OF PLAINTIFF'S URGENT MOTION FOR RECUSAL AND TO IDENTIFY DEFICIENCY, TOLL CURE PERIOD, AND CLARIFY SERVICE

I, Marvelle J. Ballentine, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

A United States magistrate judge in the Middle District of Florida, clothed in the authority of Article I, seated in a courthouse built to administer justice impartially, issued an order on March 30, 2026 that deleted two timely oppositions to dispositive motions, declined to identify the deficiency, compressed the cure period below the twenty-one days the Local Rules provide, threatened to treat the motions as unopposed, and quoted dismissal-warning language that has never appeared in any order

directed to any defendant in this case or its related proceeding. The magistrate judge's function is to enforce the rules. The magistrate judge used that function to unmake them—but only against me.

An Article III judge in the Middle District of Florida—appointed for life, confirmed by the United States Senate, vested with the judicial power of the United States under the Constitution—conducted a docket review on March 23, 2026. She reviewed the filings. She identified a disclosure statement submitted on the wrong form. She struck it. She specified the deficiency with precision: "which requires the use of the standard form from the Clerk or the Court's website." She imposed no cure deadline. She issued no sanctions warning. She quoted no dismissal language.

On that same docket, on that same day, sat a Motion to Dismiss filed by Kirkland & Ellis with a certificate of service certifying CM/ECF transmission to a pro se plaintiff who is not registered for CM/ECF and has never consented to electronic service. On that same docket sat a Motion for Extension filed by Orrick with no certificate of service at all—a motion granted the day after filing, imposing conferral obligations on all parties, without any indication I was ever told it existed.

Judge Moe found the wrong form. Judge Moe did not find the unserved plaintiff.

Seven days later, her magistrate judge deleted my oppositions, declined to tell me why, compressed my cure period below what the rules provide, and quoted dismissal-warning language that has never appeared in any order directed to any defendant in any case I have filed before this Court. Judge Moe supervises Magistrate Judge Irick. Judge Moe has issued no order, no correction, no clarification. Judge Moe watched her magistrate judge strip procedural rights from a self-represented litigant and has said nothing.

The procedural record and my own experience have led me to the conclusion that what has occurred is a miscarriage of justice against a pro se litigant in a civil rights matter. The judges should recuse themselves out of respect for the rule of law, procedure, and the oath of office they took.

While I believe recusal is warranted by this record, that is not my choice to make. Should the judges choose not to recuse themselves they should know I will faithfully comply with ever order, every rule, and every deadline. The judges should know that while my intent is to continue to comply with everything I am instructed to do, I will do so out of obligation to the Rule of Law and the Rules of Procedure and not out of respect for the individuals occupying the robe.

Should the judges not recuse themselves, they should know that these Federal Actions are no longer about me. Every *pro se* litigant with plausible claims for relief and who is willing to play by the rules should have their day(s) in Court. I intend to proceed with those individuals in mind.

So help me God.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 1, 2026

Marvelle J. Ballentine