# EXHIBIT A

April 7, 2026


The Honorable Charles E. Grassley
Chair, Committee on the Judiciary
United States Senate
224 Dirksen Senate Office Building
Washington, DC 20510


The Honorable Richard J. Durbin
Ranking Member, Committee on the Judiciary
United States Senate
152 Dirksen Senate Office Building
Washington, DC 20510

**Re: Procedural Conduct of Two Senate-Confirmed Article III District Judges in a Civil Rights Matter Across Two Federal Districts Implicating 18 U.S.C. § 2258A**

Dear Chair Grassley and Ranking Member Durbin:

*"If you are reading this, you are probably thinking about bringing or defending a lawsuit without a lawyer's help."*

*"Federal court can be an intimidating place."*

*"Lawyers go to college for four years, go to law school for three years, prepare for and take a two-day examination to become bar members."*

*"This website may only scratch the surface of what you might need to know in filing, pursuing, and defending a case."*

That is the Middle District of Florida's public-facing guidance to self-represented litigants. It does not cite *Haines v. Kerner*, 404 U.S. 519 (1972).

It does not mention liberal construction. It does not reference 28 U.S.C. § 1654.

A pro se litigant in the Middle District of Florida navigates to that page because he has no other option. He has been permanently terminated from a platform under a Child Sexual Exploitation designation. The designation carries criminal connotation in every professional room he enters. No attorney will accept the case. He navigates to the court's own website looking for guidance on how to vindicate his rights under federal law, and the court tells him that federal court is intimidating, that lawyers train for seven years, and that the website may only scratch the surface of what he needs to know. The guidance does not tell him that the court is required to construe his filings liberally. It does not tell him that 28 U.S.C. § 1654 guarantees his right to appear. It tells him what he is not.

On October 21, 2025, this Committee confirmed Anne-Leigh Gaylord Moe as a United States District Judge for the Middle District of Florida. Five months later, Judge Moe supervised a ten-year Article I magistrate judge as he stripped a pro se civil rights plaintiff of procedural rights that the Local Rules guarantee — rights that remained available to every represented defendant on the same docket. She has not corrected him.

*I am that litigant. I am writing as the plaintiff in three related federal civil rights actions in which the procedural record across two districts and two Senate-confirmed benches has prevented a single binary factual question from reaching the evidentiary record: whether a CyberTipline report was filed on my Facebook account under 18 U.S.C. § 2258A. The record of how that has occurred is now before the United States Court of Appeals for the Eleventh Circuit under 28 U.S.C. § 351(a).*

On July 4, 2022, Meta Platforms, Inc. permanently terminated my Facebook account and the associated right to contract on the platform under its Child Sexual Exploitation policy designation. No content was cited. No report was filed with the National Center for Missing and Exploited Children under 18 U.S.C. § 2258A. Meta publicly represents that it reports "all apparent" CSE to NCMEC. Approximately 80 million CSE-labeled

enforcement actions taken by Meta in 2022 were not reported to NCMEC. Mine was one of them.

**The Northern District of California.** A judge confirmed by this Committee — the Honorable Charles R. Breyer — presided over Case No. 3:25-cv-07671 for five months. In those five months, no defendant filed an answer. No Rule 26(f) conference occurred. No discovery was permitted. The plaintiff's preservation motions were denied. The plaintiff's request for a discovery scheduling directive was denied with prejudice. Every defense request for an extension of time was granted. The hearing on the defendants' motions to dismiss was vacated and rescheduled three times. No hearing was ever held. The plaintiff voluntarily dismissed in February 2026 — five months after filing — before any substantive proceeding took place.

**The Middle District of Florida.** A judge confirmed by this Committee supervised a ten-year Article I magistrate judge as he stripped a pro se civil rights plaintiff of procedural rights that the Local Rules guarantee — rights that remained available to every represented defendant on the same docket. She has not corrected him.

A judge confirmed by this Committee denied — by endorsed order, with no reasoning, on the day it was filed — a motion requesting that the court identify the deficiency in the stricken filings, restore the cure period the Local Rules guarantee, and determine whether the plaintiff had ever been served. She denied the plaintiff access to the information required to comply with her own court's orders.

A judge confirmed by this Committee transferred a case from the division where it was filed and where venue was proper to her own docket, without motion from any party and without notice to me.

The procedural record of this conduct is documented in the attached exhibits with specificity. I am not asking the Committee to accept characterization. I am asking the Committee to read a docket.

**The § 351 complaint.** On April 1, 2026, I filed a complaint with the United States Court of Appeals for the Eleventh Circuit under 28 U.S.C. § 351(a) naming Judge Moe and Magistrate Judge Irick. The Eleventh Circuit is processing the complaint. The complaint does not challenge the correctness of any ruling. It documents the pattern set forth above and places it on file with the circuit.

I am submitting this record to the Committee for two reasons.

First: The Committee's oversight jurisdiction extends to the administration of the federal courts. The record before this Committee documents a procedural pattern across two districts and two Senate-confirmed Article III judges in a civil rights matter alleging racial disparity in the enforcement of a federal child safety reporting obligation. The pattern is preserved on the federal docket and is now before the Eleventh Circuit. The Committee is the institutional location where such a pattern becomes a question the judiciary is required to answer.

Second: The Committee's advice-and-consent function produces the judges who then produce the records the Committee reviews in oversight. The record in my matter is a record produced by judges this Committee confirmed. It is offered in that posture, without characterization, for whatever use the Committee's oversight staff determines is appropriate.

I understand the weight of the designation at issue, and I understand why institutions reasonably keep distance until the underlying fact is established. I would do the same. If a friend told me he had been terminated for CSE, I would step back — as a father, as an adult, out of an abundance of caution — until I knew more. I am asking the Committee to approach this matter with that same caution, not engagement. The specific request is to monitor the dockets quietly as discovery unfolds. Quiet institutional attention is what permits a pro se plaintiff to affirmatively establish — on the record, in open court — whether a CyberTipline report was filed on his account under 18 U.S.C. § 2258A. The answer to that question resolves this matter in one direction or the other. I am asking only that the Committee be in a position to see the answer when it arrives.

I am available to Committee staff for any additional documentation, clarification, or testimony.

Respectfully,



Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy
#82 Kissimmee,
FL 34747 (407) 794-6503
jayballentine@protonmail.com

Case Nos. 6:26-cv-00376-AGM-DCI; 6:26-cv-00286-AGM-DCI; 5:26-cv-00213-AGM-PRL (M.D. Fla.)

## Exhibits

A. Declaration of Marvelle J. Ballentine (Apr. 1, 2026)

B. Urgent Motion for Recusal, with Tables C–G (Apr. 1, 2026)

C. Complaint of Judicial Misconduct under 28 U.S.C. § 351(a) (Apr. 1, 2026)

D. Petition for Administrative Reassignment under 28 U.S.C. § 137 (Apr. 1, 2026)

E. Final Docket Sheet, Ballentine v. Meta Platforms, Inc., No. 3:25-cv-07671 (N.D. Cal.)

F. Printout of Middle District of Florida "Litigants without Lawyers" webpage