# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

    v.                         Case No. 6:26-cv-00376-AGM-DCI

META PLATFORMS, INC.; ACCENTURE LLP;
GENPACT LIMITED; and TASKUS, INC.,

    *Defendants.*

## NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM

## ON NON-PARTY NATIONAL CENTER FOR MISSING AND

## EXPLOITED CHILDREN

Plaintiff Marvelle J. Ballentine, pro se, gives notice under Federal Rule of Civil Procedure 45(a)(4) and Middle District of Florida Local Rule 3.04 of his intent to serve the attached clerk-issued Subpoena to Produce Documents, Information, or Objects on non-party National Center for Missing and Exploited Children ("NCMEC"), 333 John Carlyle Street, Alexandria, Virginia 22314.

The subpoena was issued by the Clerk of Court on April 9, 2026 on Form AO 88B and is attached as Exhibit A. The subpoena has not yet been served on NCMEC.

The subpoena commands production of the documents identified in Schedule A to the subpoena.

The place of compliance stated in the subpoena is 1520 Belle View Blvd, Ste. #5847, Alexandria, VA 22307 which is within 100 miles of NCMEC's Alexandria, Virginia address.

Plaintiff will not serve the subpoena on NCMEC earlier than fourteen (14) days after service of this Notice. The earliest date of service on NCMEC is April 23, 2026.

This Notice and the attached subpoena are being served on all parties under Federal Rule of Civil Procedure 45(a)(4). This Notice is also being provided to NCMEC as the fourteen-day written notice required by Local Rule 3.04.

Dated: April 9, 2026                                       Respectfully submitted,

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy, #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com
Plaintiff, *pro se*

2

## CERTIFICATE OF SERVICE

I certify that on April 9, 2026, I served this Notice and the attached Exhibit A on counsel of record for all Defendants in this action by electronic mail to the email addresses on file for counsel of record.

I further certify that on April 9, 2026, I provided this Notice and the attached Exhibit A to non-party National Center for Missing and Exploited Children, 333 John Carlyle Street, Alexandria, Virginia 22314, as the fourteen-day written notice required by Middle District of Florida Local Rule 3.04, by United States Postal Service Priority Mail Express overnight delivery.

Marvelle J. Ballentine

Marvelle J. Ballentin

7862 W. Irlo Bronson Memorial Hwy #82

Kissimmee, FL 34747

(407) 794-6403

April 9, 2026

**VIA OVERNIGHT EXPRESS MAIL**

National Center for Missing & Exploited Children Attn: Legal Department / Subpoena Compliance 333 John Carlyle Street Alexandria, VA 22314

Re: Advance Notice of Intended Subpoenas — Two Separate Matters (1) *Ballentine v. Meta Platforms, Inc., et al.*, No. 6:26-cv-00376-AGM-DCI (M.D. Fla.) (2) *Ballentine v. Anderson, et al.*, No. 6:26-cv-00286-AGM-DCI (M.D. Fla.)

Dear Counsel:

This envelope contains **two separate advance notices** of intended subpoenas to the National Center for Missing & Exploited Children, one for each of the above-captioned matters. Each notice is transmitted pursuant to NCMEC's fourteen-day advance-notice procedure for records subpoenas and is accompanied by a signed copy of the draft subpoena that will be formally served after the notice period has run.

The enclosures are as follows:

1. Advance Notice of Intended Subpoena in Case No. 6:26-cv-00376-AGM-DCI, with signed draft subpoena attached.
2. Advance Notice of Intended Subpoena in Case No. 6:26-cv-00286-AGM-DCI, with signed draft subpoena attached.

Although transmitted in a single envelope for efficiency, the two notices are independent. Each identifies its own case caption, case number, and subpoena recipient, and each should be processed as a discrete matter. Both subpoenas seek the same categorical information: whether a CyberTipline report under 18 U.S.C.

§ 2258A was filed concerning the Facebook account associated with Marvelle J. Ballentine and terminated on or about July 4, 2022.

I am proceeding pro se in both matters. Please direct any questions, objections, or procedural correspondence regarding either notice to the contact information above, and please reference the applicable case number in any response so that the record in each matter remains distinct.

Thank you for your attention to these notices.

Regards,

Marvelle J. Ballentine

Plaintiff, *pro se*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| Marvelle J. Ballentine <br> *Plaintiff* <br> v. <br> Meta Platforms, Inc.; Accenture LLP; <br> Genpact Limited; and TaskUs, Inc. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 6:26-cv-00376-AGM-DCI |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Custodian of Records
National Center for Missing and Exploited Children

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Marvelle J. Ballentine <br> 1520 Belle View Blvd, Ste. #5847, Alexandria, VA 22307 | Date and Time: <br> May 8, 2026, at 5:00 p.m. Eastern Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: *April 9, 2026*

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Marvelle J. Ballentine
pro se; 7862 W. Irlo Bronson Mem. Hwy #82, Kissimmee, FL 34747 _____, who issues or requests this subpoena, are:
E-mail: jayballentine@protonmail.com I Tel: (407) 794-6503

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

*Ballentine v. Meta Platforms, Inc., et al.*, Case No. 6:26-cv-00376-AGM-DCI
United States District Court for the Middle District of Florida

The responding person must produce a document sufficient to show whether the National Center for Missing and Exploited Children ("NCMEC") received or maintains any CyberTipline report, referral, or submission concerning:

(1) Marvelle J. Ballentine;

(2) Jay Ballentine; and/or

(3) the account-level identifier jaychizza@icloud.com

for the period July 1, 2022 through the date of compliance.

If no such CyberTipline report, referral, or submission exists, the responding person must produce a written statement so stating after a reasonable search.

This subpoena does not request and NCMEC should not produce:

(a) the contents of any CyberTipline report;

(b) any narrative text;

(c) attachments;

(d) images, video, or media;

(e) investigative materials; or

(f) any material beyond what is necessary to show the existence or nonexistence of a CyberTipline report, referral, or submission.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).