**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| MARVELLE J. "JAY" BALLENTINE<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., ACCENTURE LLP; TASKUS, INC, and GENPACT USA, INC.,<br><br>Defendants. | Case No 6:26-cv-376 |

**DEFENDANT META PLATFORMS, INC.'S MOTION TO TRANSFER PLAINTIFF'S
FIRST AMENDED COMPLAINT**

i

4129-7513-4566.9

Defendant Meta Platforms, Inc. ("Meta") has moved to dismiss Plaintiff' Marvelle J. "Jay" Ballentine's First Amended Complaint ("FAC") in its entirety. In the alternative, Meta hereby concurrently moves to transfer this action to the Northern District of California (the forum in which Plaintiff originally brought identical claims to those raised here) under 28 U.S.C. § 1404(a) pursuant to Meta's mandatory forum selection clause in the Meta Terms of Service ("Terms"), which Plaintiff concedes he agreed to in order to use the Facebook service.

## I.   RELEVANT BACKGROUND

### A. <u>Procedural History</u>

Plaintiff Marvelle J. "Jay" Ballentine's FAC asserts claims against Meta, Accenture, LLP ("Accenture"), TaskUs, Inc. ("TaskUs"), and Genpact USA, Inc. ("Genpact") alleging violations of 42 U.S.C. §§ 1981, 1982, 1983, 1985(3). *See* Dkt. No. 19. Plaintiff's factual allegations relating to Meta in this action mirror those he previously raised in a separate case against Meta and Accenture in the United States District Court for the Northern District of California, captioned *Ballentine v. Meta Platforms, Inc. et al*, No. 3:25-cv-7671 (the "California Action"). In the California Action, Meta filed a motion to dismiss Plaintiff's operative complaint, which was fully briefed and pending decision by the Court. *See* Dkt. No 41, *Ballentine v. Meta Platforms, Inc. et al*, No. 3:25-cv-7671 (N.D. Cal. Oct. 31, 2025). During the pendency of the California Action,

4129-7513-4566.9

Plaintiff also filed several requests seeking to advance the case to discovery, including a motion to advance the initial case management conference (Dkt. No. 20, *Ballentine v. Meta Platforms, Inc. et al*, No. 3:25-cv-7671 (N.D. Cal. Oct. 31, 2025)) and a motion for a discovery management scheduling directive seeking an order directing the parties to conduct a Rule 26(f) conference (Dkt. No. 36, *Ballentine v. Meta Platforms, Inc. et al*, No. 3:25-cv-7671 (N.D. Cal. Oct. 31, 2025)). The court in the California Action denied each of these requests. *See* Dkt. No. 1, Complaint ("Compl.") ¶ 9; *see also* Dkt. Nos. 32 and 47, *Ballentine v. Meta Platforms, Inc. et al*, No. 3:25-cv-7671 (N.D. Cal. Oct. 31, 2025).

Rather than await the Court's decision on Meta's Motion to Dismiss, Plaintiff chose to voluntarily dismiss the California Action and re-file his claims in this Court. *See* Dkt. No. 63 ("Notice of Voluntary Dismissal"), *Ballentine v. Meta Platforms, Inc. et al*, No. 3:25-cv-7671 (N.D. Cal. Feb. 13, 2026).

## B. Plaintiff's Complaint

In his FAC, Plaintiff alleges that he is a "Black individual" who "operated a mobile RV repair business in Florida." FAC ¶ 18. According to Plaintiff, in June 2022 he "began marketing his RV repair business on Facebook." *Id.* ¶ 53. Plaintiff contends that he first posted advertisements for his business between

June 27-30, 2022. *Id.* ¶ 56. Plaintiff alleges that his use of Facebook was governed by "Meta's terms and commercial service agreements." *Id.* ¶ 127.

Several days later, on July 4, 2022, Meta allegedly disabled Plaintiff's Facebook account, "invok[ing] its CSE policy." *Id.* ¶ 54. Plaintiff alleges that he appealed his disablement for the CSE violation, but a reviewer from Accenture, TaskUs, or Genpact (collectively, the "Vendor Defendants") affirmed the disablement after they received a copy of Plaintiff's U.S. passport, which included his photo. *Id.* ¶¶ 54-55.

Plaintiff also alleges that in 2022, when Meta allegedly disabled his account under its CSE policy, "Meta actioned approximately 105.9 million items under its [CSE] enforcement category[,]" including 92.2 million on Facebook alone. FAC ¶ 34. Plaintiff further alleges that out of 105.9 million actions, 8,100 were reversed on appeal through review, and five (5) of those reversals involved white Facebook users. *Id.* ¶¶ 67, 69-73.

Based on these allegations, Plaintiff summarily asserts that Meta disabled his account "because of Plaintiff's race," FAC ¶ 133, and brings claims under 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3).

## C. **Meta's Terms of Service**

Meta operates Facebook, a service that enables users to connect, share, discover, and communicate with friends, and communities on mobile devices

and personal companies. As Plaintiff acknowledges, Meta's relationship with users of the Facebook service is governed by the Terms, to which all users must agree in order to create a Facebook account. *See* Decl. of Jennifer Allen ("Allen Decl."), Ex. A at 1, ¶3; FAC ¶ 127. Section 4.4 of the Terms contains a mandatory forum selection clause, providing that any litigation arising out of an individual's use of the Facebook service must be brought in the Northern District of California or a state court located in San Mateo County and will be governed by California law. The Terms in effect at the time of Plaintiff's alleged account termination provide:

> For any claim, cause of action or dispute, you have against us that arises out of relates to these Terms or the Meta Products . . . you agree that it will be resolved exclusively in the  U.S. District Court for the Northern District of California or a state court located in San Mateo County. You also agree to submit to the personal jurisdiction of either of these courts for the purpose of litigating any such claim and that the laws of the State of California will govern these Terms and any claim, without regard to conflict of law provisions.

Allen Decl., Ex. A at § 4.4.

The Terms incorporate the Meta Commercial Terms of Service (the "Commercial Terms") which apply "to access or use of the Meta Products. . . for a business or commercial purpose."  Allen Decl., Ex. B; Allen Decl., Ex. A at § 5.  In turn, the Commercial Terms in place at the time Meta allegedly disabled Plaintiff's account contain a similar forum selection clause providing that "any claim, cause of action or dispute that arises out of relates to any access or use

of the Meta products for business or commercial purposes. . . not subject to arbitration . . . must be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County." Allen Decl., Ex. B at § 5(b)-(c).  The Commercial Terms further provide that all claims "will be governed by California law." *Id.* at §5(c)(ii).

## II.    ARGUMENT

Having agreed to Meta's Terms and Commercial Terms as a condition for using Facebook, Plaintiff is subject to the mandatory forum selection clauses contained therein. Whether a forum selection clause is enforced is determined pursuant to the analysis governing motions to transfer under 28 U.S.C. § 1404(a). *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013) ("Section 1404(a) therefore provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district."). When a forum selection clause is present, courts no longer must consider the private interest factors under the usual § 1404(a) analysis. *St. Francis Holdings, LLC v. Pawnee Leasing Corp.*, No. 20-cv-1101-T-02AAS, 2020 WL 6746329, at *2 (M.D. Fla. Nov. 17, 2020); *MoistTech Corp. v. Sensortech Sys., Inc.*, No. 15-cv-0043, 2015 WL 3952341, at *8 (M.D. Fla. June 26, 2015) ("all private interests are expressed in the forum-selection clause, which would weigh in support of transfer" (citation omitted)).

Where there is a valid and enforceable forum selection clause, like that applicable here, a court should transfer the case to the specified forum absent "extraordinary circumstances unrelated to the convenience of the parties." *Id.* at 62; *Alexander v. Charter Commc'ns, Inc.*, No. 20-cv-1127-T-35JSS, 2020 WL 12656395, at \*1 (M.D. Fla. Dec. 18, 2020) ("forum selection clauses are presumptively valid and enforceable" (citation omitted)). Moreover, the party opposing enforcement of the forum selection clause, "bears the burden of showing exceptional circumstances." *See e.g.*, *McArthur v. Kerzner Int'l Bah. Ltd.*, 607 F. App'x. 845, 847 (11th Cir. 2015). Here, Meta's forum selection clauses are mandatory and encompass Plaintiff's claims, and there are no grounds why the forum selection clauses should not be enforced.

## A. Meta's Forum Selection Clauses Are Mandatory and Apply to Plaintiff's Claims

Meta's forum selection clauses are mandatory and apply to Plaintiff's claims. As an initial matter, when analyzing a forum selection clause, the Court "[m]ust determine whether the clause is mandatory or permissive." *See e.g.*, *Arthrex, Inc. v. Orthogen Aktiengesellschaft*, No. 05-cv-121-FtM-33DNF, 2006 WL 8438756, at \*3-4 (M.D. Fla. May 10, 2006). Forum selection clauses are mandatory when they "dictate[] an exclusive forum for litigation under the contract." *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011) (citation omitted). Use of mandatory terms like "must" or "any" indicates

that the clause is mandatory. *See Exceptional Urgent Care Ctr., Inc. v. Protomed Medical Mgmt., Corp.*, No. 08-cv-284-Oc-10GRJ, 2009 WL 2151181, at *9 (M.D. Fla. July 13, 2009) ("Mandatory forum selection clauses must be clear, unequivocal and contain language of exclusivity." (citation omitted)); *MoistTech Corp.*, 2015 WL 3952341, at *6 ("Use of the word 'shall' is most reasonably interpreted to mandate venue." (internal citation omitted)); *Blue Ocean Int'l Bank LLC v. Golden Eagle Cap. Advisors, Inc.*, 408 F. Supp. 3d 57, 65 (D.P.R. 2019); *see also Don't Tread On Us, LLC v. Twitter, Inc.*, No. 23-cv-20943, 2023 WL 7277183, at *3 (S.D. Fla. May 19, 2023) ("The use of 'all' and 'solely' clearly demonstrate the forum-selection clause is mandatory." (citation omitted)). And forum selection clauses that contain words like "aris[es] out of" are construed "to broadly cover 'all causes of action arising directly or indirectly from the business relationship evidenced by the contract.'" *Don't Tread On Us, LLC*, 2023 WL 7277183, at *4 (citation omitted).

Here, under the Terms, the forum selection clause is mandatory: "***any*** claim, cause of action, or dispute that arises out of or relates to these Terms or the Meta Products [] ***will*** be resolved ***exclusively*** in the U.S. District Court for the Northern District of California or a state court located in San Mateo County." Allen Decl., Ex. A at § 4.4 (emphasis added). The forum selection clause in the Commercial Terms is similar, providing that "***any*** claim, cause of action or dispute that arises out of relates to any access or use of the Meta

products for business or commercial purposes. . . not subject to arbitration . . . ***must*** be resolved ***exclusively*** in the U.S. District Court for the Northern District of California or a state court located in San Mato County." Allen Decl., Ex. B at § 5(b)-(c). The forum selection clause also plainly encompasses the allegations of Plaintiff's FAC, which all arise from the alleged disablement of his Facebook account. *See e.g.,* FAC ¶¶ 128-133 (alleging that Meta "severed Plaintiff's access to his Meta for Business and Facebook Account"); *see also Dean v. Meta Platforms, Inc.*, No. 8:24-cv-2242, Dkt. No. 55 at 5 ("Order Granting Motion to Transfer") (M.D. Fla. Oct. 28, 2025) (finding that claims were subject to the forum selection clause and noting that "many cases arising out of Meta's moderation of users' content on its platform have been transferred pursuant to the forum selection clause"); *Loomer v. Facebook, Inc.*, No. 19-cv-80893, 2020 WL 2926357, at *3 (S.D. Fla. Apr. 13, 2020) (finding the terms of nearly identical forum selection clause to be "broad").

Accordingly, the forum selection clauses are mandatory, and encompass the conduct alleged by Plaintiff.

## B. <u>The Forum Selection Clauses Are Valid and Enforceable and the Public Interest Factors Do Not Weigh Against Transfer</u>

Under 28 U.S.C. § 1404(a), district courts may transfer civil actions to another district to which the parties have consented. When there is a valid forum selection clause in an agreement between the parties, they are to "be

given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co.*, 571 U.S. at 59-60; *see also Dean*, No. 8:24-cv-2242, Dkt. No. 55 at 5-6 (enforcing forum selection clause in Meta's Terms of Service and Commercial Terms, finding that the clause "governs this lawsuit and mandates transfer to the NDCA"); *McCarthy v. Meta Platforms, Inc.*, No. 24-cv-14322, 2025 WL 3755430, at *1-2 (S.D. Fla. Jan. 27, 2025) (transferring case to the Northern District of California based on forum selection clause in Meta's Terms of Service); *Borrero v. Meta Platforms, Inc.*, No. 8:25-cv-2469, Dkt. No. 6 ("Order Granting Motion to Transfer Case") (M.D. Fla. Nov. 12, 2025) (same); *Loomer*, 2020 WL 2926357, at *2 (same). And, conversely, a plaintiff's choice of forum is given no weight in the presence of a valid forum selection clause. *Alexander*, 2020 WL 12656395, at *1. "Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a strong showing that enforcement would be unfair or unreasonable under the circumstances." *Loomer*, 2020 WL 2926357, at *2 (cleaned up and quoting *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)); *see also GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) ("an enforceable forum-selection clause carries near-determinative weight").

A forum selection clause must be enforced unless "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day

in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel*, 579 F.3d at 1281. It is a plaintiff's burden to "show[] why the court should not transfer the case to the forum to which the parties agreed." *Atl. Marine*, 571 U.S. at 63-64. Here, Plaintiff has not, and cannot, allege any facts demonstrating the forum selection clause should not be enforced.

*First*, the forum selection clause was not the product of fraud or overreaching. The clause was contained in the Terms, which Plaintiff consented to upon creating a Facebook account. *See* Allen    Decl. ¶ 3; FAC ¶ 127 (alleging that Meta "formed and enforced contracts with Plaintiff, including" an "account governed by Meta's terms"). There are no allegations in the Complaint that Plaintiff's agreement to the forum selection clause was induced by fraud or overreaching. Courts routinely enforce the forum selection clause in Meta's Terms.[1] *See, e.g.*, *Dean*, No. 8:24-cv-2242, Dkt. No. 55 at 5-6 (enforcing forum selection clause in Meta's Terms of Service and Commercial Terms); *Borrero,* No. 8:25-cv-2469, Dkt. No. 6 (enforcing Meta's forum selection clause); *Loomer*, 2020 WL 2926357, at \*3 (listing cases); *Franklin v. Facebook Inc.*, No. 1:15-cv-00655-LMM, 2015 WL 7755670, at \*2 (N.D. Ga. Nov. 24, 2015)

---

[1] As explained above, the forum selection clause of the Meta Terms and the Commercial Terms are nearly identical.

(enforcing forum selection clause); *Miller v. Facebook, Inc.*, No. 1:09-cv-2810-RLV, 2010 WL 9525523, at *1 (N.D. Ga. Jan. 15, 2010) (enforcing forum selection clause); *see also Thomas v. Facebook, Inc.*, No. 118-cv-00856-LJO-BAM, 2018 WL 3915585, at *4 (E.D. Cal. Aug. 15, 2018) ("[T]he Court is not aware of any case concluding that the forum selection clause in Facebook's [Terms of Service] is invalid." (listing cases)).

*Second*, enforcement of the forum selection clause would not deprive Plaintiff of his day in court, as the action would simply be transferred to the Northern District of California. To the extent Plaintiff asserts that litigating in California is burdensome, this is undercut by the fact that Plaintiff previously filed a case containing substantially similar allegations in the Northern District of California and extensively litigated the case over a period of "five months and sixty-two docket entries." Compl. ¶ 9. In any event, even if litigation in California were burdensome for Plaintiff, this is not a sufficient basis to set aside a forum selection clause. *See, e.g.*, *P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) ("The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause."); *MoistTech Corp.*, 2015 WL 3952341, at *5 ("Any potential financial difficulty that a party may have in litigating in the selected forum is not a sufficient ground standing alone to prevent enforcement of a valid forum-selection

- 11 -

clause."). Moreover, "any inconvenience the plaintiff[] would suffer by being forced to litigate in [California] was foreseeable at the time of contracting." *Rucker v. Oasis Legal Fin., L.L.C.*, 632 F.3d 1231, 1237 (11th Cir. 2011).

*Third*, Plaintiff brings claims under federal civil rights statutes, 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and Plaintiff can (indeed, already has) seek the same relief in the Northern District of California. *See, e.g., Evans v. Absolute Results*, No. 21-cv-280, 2021 WL 3621691, at *3 (S.D.N.Y. Aug. 16, 2021) (enforcing forum selection clause as to 42 U.S.C. § 1981 claim, noting "prosecution of this action in Delaware federal court will not result in the application of fundamentally unfair law").

*Fourth*, enforcing the forum selection clause here will not undermine public policy. To the contrary, "striking [Meta's] forum selection clause could wreak havoc on the entire social-networking internet industry," because "the company could face litigation in every state in this country and in nations around the globe which would have potential adverse consequences for the users of Facebook's social-networking site and for other internet companies." *Miller*, 2010 WL 9525523, at *1.

Moreover, since Meta's principal place of business is based in the Northern District of California, venue in that district is appropriate because of the "strong interest in deciding controversies involving Facebook at home and the familiarity of its judges with applying California law." *Kidstar v. Facebook,*

*Inc.*, No. 2:18-cv-13558, 2020 WL 4382279, at *5 (D.N.J. July 31, 2020). And to the extent Plaintiff argues he should be entitled to choose the forum where he brings his action, the Supreme Court has stressed that, when there is a valid forum selection clause, "the plaintiff's choice of forum merits no weight"; rather, "the interest of justice" is served by holding parties to their contractually-bargained for forum. *Atl. Marine*, 571 U.S. at 63, 66.  Indeed, by previously bringing substantially similar claims in that district, Plaintiff himself recognized the Northern District of California is an appropriate venue for his claims.

Lastly, while the Court can consider the public interest factors, "[t]hose factors will rarely defeat a transfer motion." *Atl. Marine*, 571 U.S. at 51.[2] And, in any event, Plaintiff cannot show that the public interest factors weigh against transfer, particularly since the Northern District of California is an adequate forum to hear this dispute. Because Meta's principal place of business is in California, transfer to the Northern District of California "would not burden citizens of an unrelated forum because that District has an interest in the case." *MoistTech Corp.*, 2015 WL 3952341, at *9. For the same reason,

---

[2] "Public-interest factors include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.'" *MoistTech Corp.*, 2015 WL 3952341, at *9.

there is no localized interest that must be decided in Florida. And as discussed above, the Terms provide for the application of California law. *St. Francis Holdings, LLC*, 2020 WL 6746329, at *4 ("The pre-selected forum is therefore at home with the applicable law, which weighs in favor of transfer.").

The forum selection clauses are, therefore, valid and enforceable, and no exceptional circumstances exist that would weigh against transfer. *Alexander*, 2020 WL 12656395, at *1 ("There is no dispute that the Parties have agreed to a valid forum selection clause, and Plaintiffs fail to prove the existence of extraordinary circumstances sufficient to convince the Court that the case should not be transferred.")

## III.    CONCLUSION

For these reasons, in the alternative to dismissal, Meta respectfully requests that the Court transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), on April 8, 2026, counsel for Meta contacted Plaintiff via email regarding this Motion to Transfer. As of the time of this filing, Plaintiff has not responded to the conferral email. Undersigned counsel will update this certification should Plaintiff respond to the conferral email.

Respectfully submitted,

Dated: April 9, 2026        ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    */s/ Diana Marie Fassbender*
DIANA MARIE FASSBENDER (BN 17095)
dszego@orrick.com
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: (202) 339-8533
Facsimile: (202) 339-8500

*Attorneys for Defendant*
*Meta Platforms, Inc.*

- 15 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and the foregoing via Email and U.S. Mail to:

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
jayballentine@protonmail.com
yglazman.litigation@protonmail.com

s/ *Diana Marie Fassbender*
DIANA MARIE FASSBENDER