**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

      v.               Case No. 6:26-cv-00376-AGM-DCI

META PLATFORMS, INC., ACCENTURE LLP,
GENPACT LIMITED, and TASKUS, INC.,

    *Defendants.*

**DECLARATION OF MARVELLE J. BALLENTINE**

**IN SUPPORT OF PLAINTIFF'S OBJECTION UNDER**

**FEDERAL RULE OF CIVIL PROCEDURE 72(a)**

**TO ENDORSED ORDER (DKT. 80)**

I, Marvelle J. Ballentine, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

Between April 5, 2026 and April 7, 2026, I wrote ten letters. I wrote to the Senate Judiciary Committee. I wrote to the House Judiciary Committee. I wrote to the Congressional Black Caucus. I wrote to the House Energy and Commerce Committee. I wrote to the Senate Commerce Committee. I wrote to the Federal Trade Commission. I wrote to the Department of Justice Child Exploitation and

Obscenity Section. I wrote to Senator Rick Scott. I wrote to Senator Ashley Moody. I wrote to Representative Daniel Webster. Each letter described the procedural record in this litigation. Each letter was transmitted to the identified recipient. Each transmission was completed before any notice was filed with this Court.

On April 7, 2026, I filed ten notices on the docket of this case. Each notice identified one recipient. Each notice stated that correspondence had been transmitted to that recipient. Each notice attached a copy of the correspondence as an exhibit. Each notice expressly stated that no relief was requested from the Court.

I filed the notices because I believe a public docket should reflect what a litigant has done and to whom he has spoken about a matter pending before the Court. I filed them because a court that does not know what communications a party has transmitted to federal oversight bodies cannot manage a case with full information. I filed them because sunlight—not secrecy—serves the administration of justice.

On April 9, 2026, a magistrate judge struck all ten notices, directed the Clerk to delete them from the docket, and directed me to refrain from filing such notices in the future. The order was entered without a motion from any party. It was entered without prior notice to me. It was entered without affording me an opportunity to respond. It cited no rule of procedure. It made no finding of

3

frivolousness, bad faith, or harassment. It identified no conduct warranting sanction. Its stated rationale was that the notices did not request relief.

The order did not direct the Clerk to seal the documents. It directed the Clerk to delete them. Sealing restricts access but preserves the record. Deletion removes the record. When a document is deleted from a federal docket, no member of the public searching PACER will know it existed. No appellate court reviewing the record will see it. No oversight body examining the docket will find it.

The ten deleted documents recorded my communications with the United States Congress and the executive branch of the United States Government. The First Amendment protects the right to petition the Government for a redress of grievances. No order of any court can prohibit me from writing to my elected representatives or to the federal agencies charged with oversight of the subject matter of this litigation. The magistrate judge's order does not purport to prohibit the letters themselves. It does something different: it prohibits me from telling this Court—and the public—that the letters exist.

On April 2, 2026, I filed a complaint of judicial misconduct under 28 U.S.C. § 351 with the Eleventh Circuit Court of Appeals. The complaint names the district judge and the magistrate judge assigned to this case. The Eleventh Circuit acknowledged receipt and is processing the complaint. The deleted letters described the procedural record that is the subject of the § 351 complaint. The

magistrate judge who ordered the letters deleted is a subject of the § 351 complaint. The district judge who will now review this objection is a subject of the § 351 complaint.

I state these facts not to suggest that the § 351 complaint caused the deletion order. I state them because the public record should reflect the full procedural context in which the order was entered. The appearance of justice requires no less.

I am a pro se litigant. I do not have counsel. I do not have a law degree. I have the Constitution, the Federal Rules of Civil Procedure, and the obligation to comply with every order this Court enters. I have complied with every order. I will comply with this one. I will not file notices of referral on the docket of this case unless and until the objection is sustained or a higher court directs otherwise.

But compliance is not agreement. I do not agree that communicating with Congress is irrelevant to a federal civil rights case. I do not agree that a public docket should contain no record of a litigant's transmissions to federal oversight bodies. I do not agree that the appropriate remedy for a filing that requests no relief is deletion—not from the case, but from existence.

I declare under penalty of perjury that the foregoing is true and correct.

Date: April 10, 2026



Marvelle J. Ballentine
Plaintiff, pro se
7862 W. Irlo Bronson Memorial Hwy. #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
Email: jayballentine@protonmail.co