**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**

MARVELLE J. "JAY" BALLENTINE

      Plaintiff,

    v.

META PLATFORMS, INC., ACCENTURE LLP; TASKUS, INC, and GENPACT LIMITED

      Defendants.

Case No 6:26-cv-376

## DEFENDANTS' JOINT MOTION TO STAY OF DISCOVERY AND HOLD RULE 26(f) REQUIREMENT IN ABEYANCE PENDING RESOLUTION OF MOTIONS TO DISMISS

Defendants Meta Platforms, Inc. ("Meta"), Accenture LLP ("Accenture"), TaskUs, Inc. ("TaskUs"), and Genpact Limited ("Genpact") (collectively, "Defendants") respectfully file this Joint Motion to Stay Discovery and hold all Rule 26(f) requirements in abeyance pending the resolution of each Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC").[1]

## I.    **INTRODUCTION**

Good cause exists to stay discovery because each of the Defendants' Motions to Dismiss should entirely dispose of the FAC. Plaintiff originally brought the exact same claims he raises here against Accenture and Meta in the Northern District of California. But he dismissed that action and refiled his claims here after the Northern District of California court took the defendants' motions to dismiss under submission and declined to permit Plaintiff to seek discovery while those motions were pending.

This Court should not permit Plaintiff's attempt to forum shop in hopes of obtaining the discovery that the Northern District of California court declined to permit. As set forth in the Defendants' Motions to Dismiss, Plaintiff's FAC fails to state a claim against any of the Defendants, including,

---

[1] Accenture filed its Motion to Dismiss on March 18, 2026 (Dkt. No. 29), TaskUs filed its Motion to Dismiss on March 23, 2026 (Dkt. No. 48) and Meta filed its Motion to Dismiss and concurrent Motion to Transfer on April 9, 2026 (Dkt. Nos. 85 and 87).  Genpact's response to the First Amended Complaint is currently due April 22, 2026 (Dkt. No. 33), and Genpact intends to file a Motion to Dismiss the First Amended Complaint raising similar arguments to those raised in the pending Motions to Dismiss.

among other grounds, because Plaintiff's claims against all Defendants are barred by Section 230 of the Communications Decency Act and because the FAC fails to allege any facts showing that any Defendant engaged in intentional racial discrimination. Plaintiff's efforts to seek discovery from Meta and Genpact, moreover, are particularly problematic because this Court lacks personal jurisdiction over these Defendants. Further still, Plaintiff filed the present action in violation of a mandatory forum selection clause requiring him to litigate his claims against Meta in the Northern District of California. Because the Defendants' pending (and forthcoming) Motions to Dismiss should result in a full dismissal of Plaintiff's FAC, Defendants should not be required to engage in premature discovery about claims that are unlikely to proceed.

## II.   <u>BACKGROUND</u>

As Plaintiff admits, the allegations raised by Plaintiff in the instant action were first raised in a prior case brought by Plaintiff against Meta and Accenture in the United States District Court for the Northern District of California. *See* Dkt. No. 1, Complaint ("Compl.") ¶ 9. In that action, captioned *Ballentine v. Meta Platforms, Inc. et al.*, No. 3:25-cv-7671 (the "California Action"), Plaintiff brought claims against Meta and Accenture based on Meta's alleged disablement of Plaintiff's Facebook account pursuant to Meta's Child Sexual Exploitation ("CSE") policy, and Accenture's alleged affirmation of the disablement. *See* Dkt. No. 34, California Action (N.D. Cal. Oct. 17, 2025). In

the California Action, both Meta and Accenture had filed motions to dismiss Plaintiff's operative complaint, which were fully briefed and pending decision by that Court. *See* Dkt. No 41, California Action (N.D. Cal. Oct. 31, 2025).

During the pendency of the California Action, Plaintiff filed several requests seeking to open discovery, including a motion to advance the initial case management conference (Dkt. No. 20, California Action) and a motion requesting an order directing the parties to conduct an early Rule 26(f) conference (Dkt. No. 36, California Action). Each of these requests were denied by the court in the California Action. *See* Compl. ¶ 9; *see also* Dkt. Nos. 32 and 47, California Action.

Apparently frustrated by his inability to obtain discovery in the California Action, Compl. ¶ 9, Plaintiff voluntarily dismissed the California Action before that court was able to rule on the pending motions to dismiss and refiled his claims in this Court. *See* Dkt. No. 63 ("Notice of Voluntary Dismissal"), California Action (N.D. Cal. Feb. 13, 2026).

Plaintiff's FAC in this action (Dkt. No. 19) raises materially similar allegations and causes of action that Plaintiff raised in the California Action. Specifically, the FAC re-asserts the same claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985(3) based on the same alleged disablement of Plaintiff's Facebook account that purportedly occurred on July 4, 2022. *Compare* FAC ¶¶ 125-177. *with* Dkt. No. 34, California Action ¶¶ 109-161. In the instant

action, Plaintiff also adds TaskUs and Genpact as defendants, asserting that either Accenture or one of those new defendants may have been the vendor who affirmed Plaintiff's account disablement. *See* FAC ¶¶ 82-83.[2] Each Defendant has filed (or intends to file) a motion to dismiss the FAC in its entirety.[3] In addition, Meta has filed a motion to transfer the case to the Northern District of California, pursuant to the forum-selection clause in the Meta Terms of Service. *See* Dkt No. 87.

Since filing this action, Plaintiff has again made repeated attempts to initiate the discovery process. First, Plaintiff filed a Motion for Leave to Serve Limited Early Discovery Pursuant to Fed. R. Civ. P. 26(d)(1), seeking leave to serve a Request for Admission relating to "whether Meta filed a CyberTipline report regarding Plaintiff's account." Dkt. No. 7. The Court denied Plaintiff's request for early discovery, reasoning that Plaintiff failed to show that "immediate discovery is necessary[.]" Dkt. No. 25. Plaintiff then filed a Motion for a Scheduling Directive Regarding a Rule 26(f) Conference and Case Management Report (Dkt. No. 39), which the Court also denied. Dkt. No. 50.

Following the denial of his Motion for a Scheduling Directive, Plaintiff

---

[2] Plaintiff's FAC refers to Accenture, TaskUs, and Genpact collectively as the "Vendor Defendants." FAC ¶ 24.

[3] Plaintiff has filed Oppositions to Accenture's and TaskUs's Motions to Dismiss, which were stricken by the Court for failing to comply with the page limit in Local Rule 3.01(c). *See* Dkt. No. 79. As of the date of this filing, Plaintiff has not yet filed compliant Oppositions to either Motion to Dismiss.  Plaintiff's Opposition to Meta's Motion to Dismiss is currently due April 30, 2026.

has served several discovery-related documents on counsel for Defendants in an effort to implement the scheduling directive anyway, including proposals that the parties confer regarding discovery matters, and "advance notices" and actual notices of specific discovery that Plaintiff intends to seek such as Rule 30(b)(6) depositions and third-party subpoenas.  For example, after Accenture sent an initial Rule 26(f) proposal to Plaintiff, he unilaterally declared—without any conferral and well before the Rule 26(f) submission deadline—that the Rule 26(f) conference had ended and proceeded to notice a two-day Rule 30(b)(6) of Accenture on April 30, 2026, despite Accenture's requests to confer and proposed scheduling order deferring discovery until after resolution of its dismissal motion.

Defendants now move jointly to stay discovery until after the resolution of their dispositive motions to dismiss.

## III.    ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 26(c) grants courts wide discretion to issue, upon a showing of "good cause," an order staying discovery to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *Allendorf v. Harbor Am. E., Inc.*, No. 23-cv-80141-ROSENBERG, 2023 WL 3172023, at *1 (S.D. Fla. Mar. 30, 2022) (courts may grant motions to stay discovery "within their discretion" when the moving

party "shows good cause and reasonableness" (citations omitted)). "A stay of discovery is appropriate where the movant shows good cause and reasonableness." *Pierce v. State Farm Mut. Auto Ins. Co.*, No. 14-cv-22691-WILLIAMS, 2014 WL 12528362, at \*1 (S.D. Fla. Dec. 10, 2024). In "deciding whether to stay discovery pending resolution of a motion to dismiss, the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Regions Bank v. Kaplan*, No. 8:12-cv-1837-MAP, 2014 WL 12810531, at \*1 (M.D. Fla. Jan. 31, 2014).

Courts routinely find good cause to stay discovery where a pending motion may dispose of the entire case. *See, e.g.*, *Murray v. Taylor*, No. 6:24-cv-6-CEM-LHP, 2024 WL 1994556, at \*1 (M.D. Fla. May 6, 2024) (finding "stay of discovery is warranted" based on a "'preliminary peek' at the merits of the motion to dismiss"); *see also Regions Bank*, 2014 WL 12810531, at \*1-2 (granting motion to stay discovery because a "preliminary review" of the "motions to dismiss reveal that they may have raised sufficient challenges to the claims raised against" defendants and "would dispose of the entire case against" defendants, if granted); *McCabe v. Foley*, 233 F.R.D. 683, 686 (M.D. Fla. 2006) (granting stay of discovery pending resolution of a motion to dismiss where complaint did not allege "particularized facts," "but merely conclusory statements").

- 6 -

Indeed, the Eleventh Circuit has held that courts should dispose of "[f]acial challenges to the legal sufficiency of a claim or defense … before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) ("Facial challenges to the legal sufficiency of a claim or defense … always present[] a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." (citation omitted)).

Here, a preliminary review of Defendants' Motions to Dismiss shows that the Motions raise multiple, independent dispositive arguments that demonstrate that the FAC is not viable, and thus there is good cause to stay discovery.

### B. There Is Good Cause to Stay Discovery Because Each of Defendants' Motions to Dismiss Raise Case Dispositive Grounds for Dismissal.

None of the Defendants should be required to participate in discovery because, if granted, each of their respective Motions to Dismiss would dispose of all the claims against them.

### i. The Motions to Dismiss Raise an Immunity Defense and Compelling Arguments for Dismissal of the FAC Against All Defendants

Any discovery is premature at this early stage of the litigation, in light of the pending (and forthcoming) Motions to Dismiss filed on behalf of each Defendant for failure to state a claim.[4] If the Motions to Dismiss are granted, each will dispose of Plaintiff's claims against each Defendant.

Here, each of the Motions to Dismiss raise or will raise several independently dispositive arguments. First, each of the Motions to Dismiss raise an immunity defense under Section 230 of the Communications Decency Act, 47 U.S.C. § 230, which protects Defendants from the alleged editorial decisions that form the basis of all of Plaintiff's claims. *See* Dkt. No. 29 ("Accenture's Motion to Dismiss") at 17-20; Dkt. No. 48 ("TaskUs's Motion to Dismiss") at 16-19; Dkt No. 85 ("Meta's Motion to Dismiss") at 9-13. Because Section 230 precludes liability for the alleged actions taken by Defendants to disable Plaintiff's Facebook account for the reasons stated in each Motion to Dismiss, Plaintiff's claims against all Defendants are barred by Section 230.

Second, each Motion to Dismiss also shows that Plaintiff's federal civil rights claims brought under 42 U.S.C. §§ 1981, 1982, 1983, and 1985(3) fail because Plaintiff does not allege any facts plausibly suggesting intentional

---

[4] In its forthcoming Motion to Dismiss, Genpact intends to raise similar arguments for dismissal as those contained in the Defendants' Motions to Dismiss pending before the Court.

racial discrimination, which is required to state a claim under each of these statutes. *See* Accenture's Motion to Dismiss at 11-16; TaskUs's Motion to Dismiss at 10-15; Meta's Motion to Dismiss at 14-17. Accordingly, because each Motion to Dismiss establishes that Plaintiff fails to state a claim under any of the FAC's asserted causes of action, a stay of discovery is appropriate.

These independently dispositive deficiencies in Plaintiff's FAC warrant dismissal as to all Defendants, particularly given that Defendants raise a Section 230 immunity defense. *See Duarte v. Rivera*, No. 2:25-cv-408-SPC-DNF, 2025 WL 4061387, at *2 (M.D. Fla. Oct. 21, 2025) ("[C]ourts routinely stay discovery until the issue of immunity is resolved."). Accordingly, a stay of discovery is appropriate here.

> **ii.    Discovery Is Not Appropriate as to Meta or Genpact because They Are Not Subject to Personal Jurisdiction in this Court.**

Additionally, Meta's Motion to Dismiss presents, and Genpact's forthcoming Motion to Dismiss will present, a threshold issue with Plaintiff's FAC: there is no personal jurisdiction over Meta or Genpact in Florida. *See* Meta's Motion to Dismiss at 5-9. Courts in the Eleventh Circuit also find good cause to stay discovery "when faced with legitimate jurisdictional challenges," and are unequivocal in such cases that "discovery should not commence until such challenges are resolved." *Betancourt v. Corporacion Hotelera Palma, LLC*, No. 24-cv-22126-WILLIAMS/GOODMAN, 2024 WL 5110074, at *3 (S.D. Fla.

Nov. 15, 2024) (staying discovery pending resolution of motion to dismiss for lack of personal jurisdiction); *see also McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-CV-20194, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017) (staying discovery pending resolution of motion to dismiss for lack of personal jurisdiction).

As explained in Meta's Motion to Dismiss, Meta "is a Delaware corporation with its principal place of business" in California, and thus general jurisdiction is not appropriate in Florida. *See* Meta's Motion to Dismiss at 6; *see also* FAC ¶ 20. Nor does the Complaint provide any basis for the Court to exercise specific jurisdiction over Meta as to Plaintiff's claims, because the Complaint fails to allege any conduct by Meta in Florida whatsoever—let alone conduct relating to Plaintiff's claims—that would give rise to specific jurisdiction. *See* Meta's Motion to Dismiss at 6-8. Genpact's forthcoming Motion to Dismiss will raise similar arguments. As that motion will show, Genpact is both incorporated in and has its principal place of business in Bermuda, and the FAC likewise does not allege any conduct whatsoever by Genpact in Florida. *See* FAC ¶ 23.

In light of Meta's and Genpact's jurisdictional challenge, requiring them to participate in any discovery would constitute an undue burden that separately justifies a stay of discovery. *See, Anderson v. Bullard*, No. 8:18-cv-901, 2018 WL 5920476, at *1 (M.D. Fla. Nov. 13, 2018) (granting motion to stay

discovery based on finding that defendant's "motion to dismiss presents a nonfrivolous challenge to the court's jurisdiction over [defendant]"); *see also Sallie v. Spanish Basketball Fed'n,* No. 12-CV-01095-REB-KMT, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013) ("[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject it to undue burden or expense, particularly if the motion to dismiss is later granted") (internal quotation marks omitted).

Accordingly, because Meta's Motion to Dismiss demonstrates, and Genpact's Motion to Dismiss will demonstrate, this Court lacks personal jurisdiction over both Meta and Genpact, the Court should not require them to participate in discovery prior to resolving their Motions to Dismiss.

<blockquote>

iii. **Plaintiff Should Not Be Rewarded for Forum Shopping in Clear Violation of Meta's Forum Selection Clause.**
</blockquote>

Plaintiff's claims against Meta, moreover, were filed in violation of the mandatory forum selection clause in the Meta Terms of Service that required Plaintiff to file suit in the Northern District of California, as he originally did. *See* Dkt. No. 87 ("Meta's Motion to Transfer"). And, as set forth above, the Northern District of California court declined to permit Plaintiff to proceed with discovery while that action was pending. Because the court in the agreed-upon jurisdiction declined to permit discovery to proceed, additional good cause

for a stay exists here. Any other result would allow Plaintiff to benefit from his blatant forum shopping and breach of his contractual obligation.

### C. A Stay Is Warranted Because It Will Avoid Burdensome and Unnecessary Discovery, if the Motions to Dismiss Are Granted.

In light of the dispositive nature of the Motions to Dismiss, including on incurable grounds under Section 230, the balancing test that weighs harm due to delay and harm to the defendants weighs strongly in favor of granting a stay. Indeed, the Eleventh Circuit has recognized it is an abuse of discretion to permit discovery to proceed prior to ruling on a motion to dismiss, where the claims, like here, of a "dubious" nature. *Chudasama*, 123 F.3d at 1369. The Eleventh Circuit reasoned that in such cases, the parties should not be forced to incur the significant costs imposed by discovery, including "the time spent searching for and compiling relevant documents," "the time, expense, and aggravation of preparing for and attending depositions," "advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged[,]" and conversely the fees and costs associated with drafting such discovery. *Chudasama*, 123 F.3d at 1367. The Eleventh Circuit likewise recognized the strain on the already "scarce judicial resources" that discovery disputes impose on the system. *Id.* Accordingly, as demonstrated in the Motions to Dismiss, this case fits squarely within the circumstances described in *Chudasama*, and Defendants' "[f]acial

- 12 -

challenges to the legal sufficiency of a claim[s]…should … be resolved before discovery begins." *Id.*[5]

Moreover, any delay in discovery will not prejudice Plaintiff, particularly because any delay was primarily caused by Plaintiff's own litigation strategy. Plaintiff has acknowledged that he, Meta, and Accenture spent five months litigating the California Action that involved substantively identical allegations, which included fully briefed motions to dismiss filed by both Meta and Accenture. Moreover, during the pendency of the California Action, the court declined Plaintiff's repeated efforts to proceed with discovery prior to the resolution of the Motions to Dismiss there. *See* Compl. ¶ 9 ("Over five months and sixty-two docket entries. . . Plaintiff filed five motions. All five were denied. The Initial Case Management Conference was vacated. . . [n]o Rule 26(f) conference took place. Discovery never opened.").

Plaintiff's litigation strategy of re-filing his claims in this Court after the parties devoted significant resources to litigating the California Action has led to significant delay. The Court should not reward Plaintiff's gamesmanship in re-filing his claims after obtaining negative rulings and should stay discovery

---

[5] Nor should the Court allow Plaintiff to conduct a fishing expedition, seeking discovery in an attempt to state a viable claim. *See Carcamo v. Miami-Dade Cnty.*, No. 03-cv-20870, 2003 WL 24336368, at *1 (S.D. Fla. Aug. 1, 2003) (granting motion to stay discovery and noting that discovery "is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim" (citation omitted)).

pending resolution of the Motions to Dismiss. *See Lennard v. Yeung,* No. 10-cv-09322-MMM, 2011 WL 13217925, at \*7 (C.D. Cal. Aug. 16, 2011) (recognizing that "re-filing a complaint in a different court to gain a tactical advantage or otherwise benefit from more favorable law constitutes forum shopping").

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court stay discovery and hold all Rule 26(f) requirements in abeyance pending resolution of Defendants' Motions to Dismiss.

Respectfully submitted,

Dated: April 21, 2026          ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    /s/ *Diana Marie Fassbender*
DIANA MARIE FASSBENDER (BN 17095)
dszego@orrick.com
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: (202) 339-8533
Facsimile: (202) 339-8500


*Attorneys for Defendants*
*Meta Platforms, Inc and Genpact Limited*

- 14 -

/s/ *Mariana Chapleau (signed with permission)*
Mariana Chapleau
Florida Bar No. 1059142
KIRKLAND & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131
Telephone: 305 432-5687
Fax: 305 432-5601
mchapleau@kirkland.com

Devin S. Anderson (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, UT 84111
Telephone: 801 877 8115
Fax: 801 877 8101
devin.anderson@kirkland.com

*Attorneys for Defendant Accenture LLP*

/s/ *Stephanie C. Generotti*
*(signed with permission)*
Stephanie C. Generotti
Florida Bar No. 112924
stephanie.generotti@ogletree.com
Elizabeth T. Jozsi
Florida Bar No. 119428
elizabeth.jozsi@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK, &
STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone: 831.221.7239
Facsimile: 813.289.6530

*Attorneys for Defendant TaskUs*

- 15 -

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), on April 20, 2026, counsel for Meta contacted Plaintiff via email regarding this Joint Motion to Stay Discovery and Hold Rule 26(f) Conference in Abeyance. As of the time of this filing, Plaintiff has not responded to the conferral email. Undersigned counsel will update this certification should Plaintiff respond to the conferral email.

Respectfully submitted,

Dated: April 21, 2026        ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    /s/ *Diana Marie Fassbender*
       DIANA MARIE FASSBENDER (BN 17095)
       dszego@orrick.com
       2100 Pennsylvania Avenue NW
       Washington, D.C. 20037
       Telephone: (202) 339-8533
       Facsimile: (202) 339-8500

       *Attorneys for Defendant*
       *Meta Platforms, Inc. and Genpact Limited*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2026, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, and

served the foregoing via Email and U.S. Mail to:

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
jayballentine@protonmail.com
yglazman.litigation@protonmail.com

s/ *Diana Marie Fassbender*
DIANA MARIE FASSBENDER

- 17 -