**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

      Plaintiff,

                                Case No. 6:26-cv-00376-AGM-DCI

  v.

                                Judge Anne-Leigh Gaylord Moe

META PLATFORMS, INC.,
ACCENTURE LLP, TASKUS,
INC., and GENPACT USA, INC.,

      Defendants.

_____/

**DEFENDANT ACCENTURE LLP'S**
**TIME-SENSITIVE MOTION FOR PROTECTIVE ORDER**

Defendant Accenture LLP respectfully seeks a protective order temporarily staying discovery pending the resolution of Defendants' motion to stay discovery. This time-sensitive motion must be decided by April 27 because Plaintiff noticed Accenture's deposition for April 29-30.

Last year, Plaintiff sued Meta and Accenture in the Northern District of California, asserting substantially the same claims. *Ballentine v. Meta Platforms, Inc.*, 3:25-cv-07671-CRB (N.D. Cal. Sept. 9, 2025). After the parties moved to dismiss, Plaintiff moved to advance the Rule 26(f) conference to pursue discovery immediately, which the court denied. *See id.*, Dkt. 36, 47. Frustrated with the court's ruling, Plaintiff voluntarily dismissed the action and refiled his claims in this

Court.  *Ballentine v. Meta Platforms, Inc. et al*, 6:26-cv-00376-AGM-DCI (M.D. Fla. Feb. 17, 2026).

Accenture again moved to dismiss Plaintiff's claims.  Dkt. 29.  Plaintiff filed a Motion for Leave to Serve Limited Early Discovery Pursuant to Fed. R. Civ. P. 26(d)(1), Dkt. 7, which the Court denied, explaining that Plaintiff had failed to show that "immediate discovery is necessary," Dkt. 18.  Plaintiff then moved for a scheduling directive that the "Rule 26(f) conference be conducted by written exchange" and on an expedited timeline.  Dkt. 39.  The Court denied Plaintiff's motion.  Dkt. 50.  Nevertheless, after Accenture proposed a discovery schedule deferring discovery in accordance with Rule 26(f), Plaintiff unilaterally decided that the Rule 26(f) conference had concluded and immediately noticed a two-day Rule 30(b)(6) deposition of Accenture on April 29-30, 2026.  Ex. 1.  Accenture and its co-defendants have now jointly moved to stay discovery pending the Court's ruling on Defendants' dismissal motions.  Dkt. 92.

Courts may issue a protective order "for good cause" to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Here, Plaintiff's noticed Rule 30(b)(6) deposition of Accenture places an "undue burden [and] expense" on Accenture.  *Id.*  Accenture has immunity for its alleged conduct under the Communications Decency Act, and Plaintiff has not otherwise plausibly alleged any claims against Accenture.  Dkt.  29 at 11-16, 17-20.  Accenture therefore should not be subjected to *any* discovery, let alone a two-day deposition.  *Duarte v. Rivera*, 2025 WL 4061387, at *2 (M.D. Fla. Oct. 21, 2025)

("[C]ourts routinely stay discovery until the issue of immunity is resolved."); *Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) ("[T]he doors of discovery do not unlock for a plaintiff armed with nothing more than conclusions." (citation modified)).   Plaintiff's premature attempts to engage in discovery were already rejected once in California, and for good reason because resolving "[f]acial challenges to the legal sufficiency of a claim … before discovery begins" avoids "unnecessary costs" where, as here, the claims are "nonmeritorious." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).   Plaintiff should not be rewarded for his forum-shopping, which itself caused delay, by being allowed to engage in immediate discovery in this Court.

The Court should issue a protective order temporarily staying Plaintiff's discovery requests pending the Court's ruling on the stay motion.

Dated: April 21, 2026

Respectfully submitted,

/s/ *Marianna C. Chapleau*
Marianna C. Chapleau
*LEAD COUNSEL*
Florida Bar No. 1059142
KIRKLAND & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131
Telephone: 305 432-5687
Fax: 305 432-5601
mchapleau@kirkland.com

Devin S. Anderson (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, UT 84111
Telephone: 801 877 8115
Fax: 801 877 8101
devin.anderson@kirkland.com

*Counsel for Defendant Accenture LLP*

4

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g) and Magistrate Judge Daniel C. Irick's Order on Discovery Motions (Dkt. 68), counsel for Defendant Accenture LLP conferred with Plaintiff telephonically on April 14, 2026. Plaintiff opposes the relief sought in this motion.

/s/ *Marianna C. Chapleau*
Marianna C. Chapleau

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2026, I electronically filed the foregoing through the Middle District of Florida's CM/ECF System, which will serve Notice of Filing on all counsel of record.  I also certify that I caused a true and correct copy of this motion to be served via FedEx to Plaintiff at the address below:

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy.
#82
Kissimmee, FL 34747
jayballentine@protonmail.com

/s/ Marianna C. Chapleau
Marianna C. Chapleau

6