UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARVELLE J. BALLENTINE**

      **Plaintiff,**

**v.**                                          **Case No: 6:26-cv-376-AGM-DCI**

**META PLATFORMS, INC.,**
**ACCENTURE LLP, TASKUS, INC., and**
**GENPACT LIMITED,**

      **Defendants.**

---

### REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' Joint Motion to Stay Discovery and Hold Rule 26(f) Requirement in Abeyance Pending Resolution of Motions to Dismiss. Doc. 92 (the Motion to Stay). As will be explained, the undersigned **RECOMMENDS** the Court **GRANT** the Motion to Stay.

### I.      BACKGROUND

Plaintiff Marvelle J. Ballentine (Ballentine) filed the operative complaint against defendants Meta Platforms, Inc. (Meta), Accenture LLP (Accenture), TaskUS, Inc. (TaskUS), and Genpact Limited (Genpact) (collectively, Defendants) raising five counts pursuant to 42 U.S.C. §§ 1981, 1982, 1983, and 1985(3). Doc. 19. Each defendant responded by filing a motion to dismiss for failure to state a claim. Docs. 29, 48, 85, and 96. Among the defenses raised, each defendant asserts that section 230 of the Communications Decency Act, 47 U.S.C. § 230, creates an immunity from litigation and bars Ballentine's claims. *See* Doc. 29 at 17-20; Doc. 48 at 16-19; Doc. 85 at 9-13; and Doc. 96 at 21-26. Meta simultaneously filed a motion to transfer the case to the Northern

District of California—alleging that Meta's Terms of service contain a mandatory and enforceable forum selection clause.  Doc. 87.  Those motions remain pending.

Defendants jointly filed the instant Motion to Stay seeking "to Stay Discovery and hold all Rule 26(f) requirements in abeyance pending the resolution of each Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (FAC)."  Doc. 92 at 2.  Defendants assert that good cause exists to stay discovery because: 1) "each of the Defendants' Motions to Dismiss raises an immunity defense and should entirely dispose of the FAC" (*Id.*); 2) the Court does not have personal jurisdiction over Meta or Genpact; 3) Ballentine is forum shopping "in hopes of obtaining the discovery that the Northern District of California court declined to permit" (*Id.*); and 4) Ballentine "filed the present action in violation of a mandatory forum selection clause requiring him to litigate his claims against Meta in the Northern District of California."  *Id.* at 3.

Ballentine timely responded (Doc. 99, the Response) and contends that the Court cannot resolve the Motion to Stay without resolving the merits of the pending dispositive motions.  *See generally*, Doc. 99.  Accordingly, Ballentine opposes the stay.  Alternatively, if the Court does issue a stay, Ballentine suggests the Court should narrow the scope of the stay and allow discovery to proceed regarding:

> (i) personal jurisdiction as to Meta and Genpact;
>
> (ii) the identity of the vendor that conducted the final review of Plaintiff's account on or about July 4-5, 2022; and
>
> (iii) the reportability assessment, classification determination, and subsequent disposition of that enforcement action, including whether any CyberTipline report was transmitted pursuant to 18 U.S.C. § 2258A.

Doc. 99 at 6.

As of the filing of the Motion and Response, the Court has not issued a scheduling order. On April 27, 2026, Accenture and Ballentine submitted a case management report proposing two schedules for the Court's consideration.  Doc. 102.

## II.    LEGAL STANDARD

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.").  In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery.  *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive."  *Id*. at 652–53 (internal quotation marks omitted).

In addition, the Eleventh Circuit has opined that:

> Facial challenges to the legal sufficiency of a claim . . . should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1367 (11th Cir. 1997); *accord World Holdings, LLC v. Fed. Republic of Ger*., 701 F.3d 641, 655 (11th Cir. 2012) ("Because a facial challenge to the legal sufficiency of a claim raises only questions of law, neither the parties nor the court have any need for discovery before the court rules on the motion.") (citation omitted).  In *Chudasama*, the Circuit also detailed the burdens of discovery:

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching

for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

123 F.3d at 1367−68 (internal footnote omitted).

In short, while a pending motion to dismiss will not always result in the court granting a stay of discovery, *see* Middle District Discovery (2021) § (I)(E)(4); "courts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), aff'd, 87 F. App'x 713 (11th Cir. 2003).

## III.    DISCUSSION

Here, the motions to dismiss, if granted, appear truly case dispositive.  Those motions sound in immunity and each contains the argument that Ballentine's claims are barred by section 230 of the Communications Decency Act, 47 U.S.C. § 230.  *See* Doc. 29 at 17-20; Doc. 48 at 16-19; Doc. 85 at 9-13; and Doc. 96 at 21-26.  And contrary to assertions at the heart of the Response, the undersigned does not need to resolve the question of immunity—nor any questions related to the immunity asserted—to resolve the instant Motion to Stay.  *See Feldman v. Flood*, 176 F.R.D. 651, 652-53 ("While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly

4

meritorious and truly case dispositive"); *see also Great W. Cas. Co. v. FirstFleet, Inc.*, 2013 WL 3337283, at *2 & n.4 (S.D. Ala. July 2, 2013) (noting in dicta that, "The district judge will ultimately decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, any 'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery. . .") (cleaned up).  Having reviewed Defendants' motions to dismiss, the undersigned can say that no argument appears frivolous or made to delay and that some or all the arguments appear strong—though the undersigned does not opine on their ultimate success.

Upon reviewing the operative complaint, the undersigned also finds that the discovery sought would be extensive—a fact weighing in favor of granting the Motion to Stay.  *See e.g., Zarnesky v. Adidas Am., Inc.*, 2021 WL 3729230, at *3 (M.D. Fla. June 10, 2021) (considering the "expansive and far reaching" nature of discovery required as weighing in favor of granting a stay). The allegations in the operative complaint upon which the parties would seek discovery appear particularly extensive and far-reaching, involving matters of public importance including questions of internal policies and content moderation practices employed by Defendants—a major social media platform and the entities it allegedly works with to manage content moderation.  *See* Doc. 19.  Discovery based upon those allegations would inevitably be burdensome, taxing the resources of both the parties and the Court.

Relatedly, Ballentine's assertion that the Court could limit discovery without imposing a complete stay is unavailing.  Doc. 99 at 6.  As to the first category—discovery regarding the personal jurisdiction of Meta and Genpact—allowing such discovery to proceed is unnecessary because Defendants make a facial challenge to the allegations in the amended complaint. Specifically, Defendants argue that Ballentine has failed to sufficiently allege personal or specific

5

jurisdiction over Genpact and Meta. Doc. 92 at 9-11. The inquiry is a legal question, not a factual one, and the Court is not required to allow jurisdictional discovery when factual determinations are not required at this juncture. *Zoghaib, v. Societe Generale De Banque Au Liban, et al.*, 2026 WL 943756, at *6 (S.D. Fla. Apr. 8, 2026) (noting that "arguments that present a facial challenge to the allegations in a complaint raise a purely legal question, which means the trial court need not make any factual determinations, allowing such questions to 'be resolved before discovery begins'") (quoting *Chudasama*, 123 F.3d at 1367); *see also Ward v. One Love Found. in Honor of Yeardley Love, Inc.,* 2024 WL 2304646, at *2 (M.D. Fla. Jan. 23, 2024) ("Although whether to grant jurisdictional discovery is discretionary, if a 'complaint [is] insufficient as a matter of law to establish a prima facie case that the district court [has] jurisdiction, the district court abuse[s] its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue.'") (citing *Butler v. Sukhoi Co.,* 579 F.3d 1307, 1314 (11th Cir. 2009)). As to the other two categories of discovery Ballentine contends should proceed, the undersigned finds that they pertain to the merits of certain claims, *see* Doc. 99 at 6, and requiring Defendants to engage in merits discovery at this juncture "would undercut the protection immunity was meant to afford." *Saito v. Collier Cnty. Mun. Corp.*, 2023 WL 2305965, at *2 (M.D. Fla. Mar. 1, 2023).

Lastly, the undersigned notes that Defendants seek a stay at an extremely early stage in this case and concurrently with their assertions of immunity. Staying the case at this early juncture may avoid not only the burdens of discovery, but the necessity of conferral over such discovery, and future motion practice seeking piecemeal extensions once the Court has entered a case management and scheduling order in the case.

6

## IV.    CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** the Motion to Stay (Doc. 92) such that the case is **STAYED** pending the resolution of the motions to dismiss.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on April 29, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

7