# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MARVELLE J. BALLENTINE,

    *Plaintiff,*

        v.               Case No. 6:26-cv-00376-AGM-DCI

META PLATFORMS, INC.; ACCENTURE LLP;
TASKUS, INC.; and GENPACT LIMITED,

    *Defendants.*

## PLAINTIFF'S TIME-SENSITIVE MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT

Plaintiff Marvelle J. Ballentine, proceeding *pro se*, respectfully moves under Federal Rule of Civil Procedure 15(a)(2) for leave to file a Second Amended Complaint.

## I.    BASIS FOR TIME-SENSITIVE DESIGNATION

1. Plaintiff designates this motion time-sensitive under Local Rule 3.01(f). Five motions directed at the First Amended Complaint (Dkt. 19) are pending: motions to dismiss filed by Accenture LLP (Dkt. 29), TaskUs, Inc. (Dkt. 48), Meta Platforms, Inc. (Dkt. 85), and Genpact Limited (Dkt. 96), and Meta's Motion to Transfer (Dkt. 87). Plaintiff's response to Dkt. 87 is due May 11, 2026 (Dkt. 101); to Dkt. 96, on or about May 13, 2026; and to Dkt. 85, May 18, 2026

(Dkt. 100). Dkts. 29 and 48 remain on the docket subject to the Court's prior orders concerning the cure of stricken responses (Dkts. 56, 57, 79). An order granting leave to file the proposed Second Amended Complaint supersedes the First Amended Complaint and moots Dkts. 29, 48, 85, and 96. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007); *Wimberly v. Broome,* 522 F. App'x 651, 652 (11th Cir. 2013). Resolution of this motion before the response deadlines on Dkts. 85, 87, and 96 conserves party and judicial resources. Chambers has been notified of this filing as required by Local Rule 3.01(f).

2.      The operative pleading is the First Amended Complaint (Dkt. 19), filed March 4, 2026. The proposed Second Amended Complaint addresses three categories of amendments. First, it cures deficiencies in the personal jurisdiction allegations over certain Defendants by pleading additional facts bearing on each Defendant's contacts with Florida and the relationship between those contacts and the claims at issue. Second, it adds factual allegations concerning the demographic impact of Meta's enforcement practices on Black users, including internal data reflecting a decline in Black monthly users of Facebook during the relevant period. Third, it refines certain factual allegations to conform to information currently available to Plaintiff. No new parties are added.

3.      Rule 15(a)(2) provides that the Court "should freely give leave when justice so requires." Leave should be denied only upon a showing of undue delay, bad faith, repeated failure to cure, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Eleventh Circuit, the opposing party bears the burden

of demonstrating a substantial reason for denial. *Forbus v. Sears, Roebuck & Co.,* 30 F.3d 1402, 1405 (11th Cir. 1994). Pro se pleadings are held to a less stringent standard and should be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

4.      None of the *Foman* factors supports denial. No prior amendment has been denied. No scheduling order or case management order has been entered. No discovery cutoff has been set. The proposed amendment does not require reopening any phase of litigation or altering any Court-ordered timeline.

5.      Upon entry of an order granting leave, Plaintiff will file the Second Amended Complaint and serve all parties under Rule 5(b)(2).

Date: May 4, 2026                                              Respectfully submitted,

                                                  Marvelle J. Ballentine
                                                  Plaintiff, *pro se*
                                7862 W. Irlo Bronson Memorial Hwy, #82
                                                  Kissimmee, FL 34747
                                          jayballentine@protonmail.com

## LOCAL RULE 3.01(g) CERTIFICATION

On April 22, 2026, Plaintiff conferred with counsel for all Defendants regarding this motion by written correspondence, with a response requested by April 24, 2026. Counsel for Meta Platforms, Inc. and Genpact Limited responded that they could not evaluate the motion without receiving a redline of the proposed amended complaint. No response was received from counsel for Accenture LLP or counsel for TaskUs, Inc. No rule of this Court requires pre-filing disclosure of a proposed amended pleading. The conferral occurred by email. The motion is opposed to the extent Defendants have not consented to the relief sought.

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record.

Marvelle J. Ballentine
Plaintiff, *pro se*