# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MARVELLE J. "JAY" BALLENTINE

Plaintiff,

v.

META PLATFORMS, INC., ACCENTURE LLP; TASKUS, INC, and GENPACT LIMITED

Defendants.

Case No 6:26-cv-00376-AGM-DCI

Judge Anne-Leigh Gaylord Moe

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S TIME-SENSITIVE MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants Meta Platforms, Inc. ("Meta"), Accenture LLP ("Accenture"), TaskUs, Inc. ("TaskUs"), and Genpact Limited ("Genpact") (collectively, "Defendants") respectfully submit this Opposition to Plaintiff's Time-Sensitive Motion for Leave to File Second Amended Complaint ("Motion").

Plaintiff's Motion should be denied for multiple reasons. As a threshold matter, leave to amend should be denied because Plaintiff fails to either identify the substance of the proposed amendment or attach it to his request. This alone justifies denying leave to amend. Moreover, even if the Court is inclined to consider Plaintiff's request without the substance of the proposed amendment, leave should still be denied because granting leave would both be futile and unduly prejudice Defendants.

## I.   **LEGAL STANDARD**

In order for a court to consider a request for leave to amend, "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Johnson v. United States*, No. 6:25-cv-347; 6:22-cr-43, 2025 U.S. LEXIS 253511, at *3 (M.D. Fla. Dec. 3, 2025) (quoting *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)). If the plaintiff does so, leave to amend may still be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where

amendment would be futile." *Johnson*, 2025 U.S. LEXIS 253511, at \*3.

## II.    <u>ARGUMENT</u>

a. **Plaintiff's Request for Leave to Amend Should Be Denied for Failing to Set Forth the Substance of the Proposed Amendment.**

Plaintiff's request for leave to amend should be denied because he fails to "set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Johnson*, 2025 U.S. LEXIS 253511, a \*3 (quoting *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)). It is well-established in the Eleventh Circuit that "[a] plaintiff should not be allowed to amend his complaint without showing how the complaint could be amended to save the meritless claim." *Albritton v. Republic Serv. of Fla.*, No. 3:25-cv-485, 2025 U.S. Dist. LEXIS 198425, at \*3 (M.D. Fla. Oct. 7, 2025) (quoting *U.S. ex rel. Atkins v. Mclnteer*, 470 F.3d 1350, 1362 (11th Cir. 2006)).

Instead of doing so, Plaintiff merely asserts that the amendment will add allegations (i) "bearing on each Defendant's contacts with Florida[,]" (ii) "concerning the demographic impact of Meta's enforcement policies on Black users," and (iii) "to conform to information currently available to Plaintiff[.]" ECF No. 105 at 2. These vague assertions do not put the Court or Defendants on notice of the substance of Plaintiff's proposed amendment. And they are patently insufficient to establish that his proposed amendments will cure the multiple, independent fatal deficiencies identified in Defendants' respective

- 2 -

motions to dismiss.  This is sufficient by itself to deny leave to amend.  *See Albritton*, 2025 U.S. Dist. LEXIS 198425, at *2-3 (denying request for leave to amend where plaintiff failed to attach a copy of the proposed amendment); *see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles*, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment).

### b. **Plaintiff's Request for Leave to Amend Should Be Denied Because Any Amendment Would Be Futile.**

Plaintiff's request for leave to amend should also be denied because such amendment would be futile.

*First*, Plaintiff's Motion does not assert, nor could it, that any of Plaintiff's amendments might change the fact that all of Plaintiff's claims are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230. ECF No. 29 at 17-20; ECF No. 48 at 16-19; ECF No. 85 at 10-13; ECF No 96 at 20-25.  Courts in and out of the Eleventh Circuit routinely deny leave to amend where, as here, a plaintiff cannot allege additional plausible facts to escape Section 230.  ECF 85. at 25 (citing *Doe v. Kik Interactive*, 482 F. Supp. 3d 1242, 1252 (S.D. Fla. 2020)); *see also Tate v. Meta Platforms*, No. 3:26-cv-00901, 2026 U.S. Dist. LEXIS 93605, at *19 (N.D. Cal. Apr. 28, 2026) (finding leave to amend would be futile where claims were barred by Section 230).

*Second*, any additional facts "about the demographic impact of Meta's enforcement policies" do not address, and will not cure, Plaintiff's failure to plead facts that show intentional discrimination, which is required for all of his claims.  ECF No. 29 at 11-16; ECF No. 48 at 10-15; ECF No. 85 at 14-24; ECF No. 96 at 9-13, 17-18; *see also Ligon v. Meta Platforms, Inc.*, No. 25-cv-03959, 2026 U.S. Dist. LEXIS 93628, at *49-52 (N.D. Cal. Apr. 28, 2026) (dismissing amended complaint asserting claims under § 1981, § 1983, § 1985 without leave to amend on futility grounds based on Section 230 and where the complaint "contain[ed] no hint that he could amend [his] claim[s] to allege racial discrimination ….").

*Finally*, Plaintiff's unspecified jurisdictional allegations cannot give rise to personal jurisdiction over either Meta or Genpact given neither entity has any contact with Florida related to this action.  ECF No. 85 at 5-9; ECF No. 96 at 4-8.  And even if it could, the Second Amended Complaint would still fail on the merits for all the above reasons.

Plaintiff's motion for leave to amend should thus be denied on futility grounds.

<ol type="a" start="3">
<li><strong>Plaintiff's Request for Leave to Amend Should Be Denied Because Permitting Amendment Would Cause Undue Delay and Prejudice.</strong></li>
</ol>

The Eleventh Circuit also recognizes that permitting a plaintiff to continue to file defective amended pleadings "cause[s] undue delay and

- 4 -

prejudice." *Makere v. Early*, No. 22-13613, 2023 U.S. App. LEXIS 28750, at \*6 (11th Cir. Oct. 30, 2023).  Such is the case here.  Not only has Plaintiff already filed an amendment in this action, Plaintiff has filed multiple other complaints with multiple amendments in other actions and other courts that arise out of the same nucleus of facts.  As shown below, if permitted, Plaintiff's proposed amended complaint would actually be the tenth complaint overall:

| Case | Relevant Procedural History |
|---|---|
| *Ballentine v. Meta Platforms, et. al.*, No. 25-cv-07671 (N.D. Cal.) | <ul><li>9/9/25 Ballentine files original Complaint **(1st Compl.)**</li><li>10/15/25 Meta files MTD</li><li>10/16/25 Accenture files MTD</li><li>10/17/25 Ballentine files Amended Complaint ("FAC") **(2nd Compl.)**</li><li>10/31/25 Meta & Accenture file MTDs FAC</li><li>2/13/26 Ballentine files Notice of Voluntary Dismissal</li></ul> |
| *Ballentine v. Anderson, et al.*, No. 26-cv-00286-AGM-DCI, (M.D. Fla.) | <ul><li>2/9/26 Ballentine files first action in M.D. Fla. **(3rd Compl.)**</li><li>2/11/26 Ballentine files FAC **(4th Compl.)**</li><li>3/4/26 Ballentine files Second Amended Complaint ("SAC") **(8th Compl.)**</li><li>3/18/26 Kirkland & Ellis individual defendants (Accenture's counsel) file MTD SAC</li><li>4/3/26 Meta files MTD SAC</li><li>5/4/26 Ballentine files motion for leave to file Third Amended Complaint ("TAC")</li></ul> |
| *Ballentine v. Meta Platforms, et al.*, No. 26-cv-00376-AGM-DCI (M.D. Fla.) | <ul><li>2/17/26 Ballentine files second action in M.D. Fla. **(5th Compl.)**</li></ul> |

| Case | Relevant Procedural History |
|---|---|
|  | <ul><li>3/4/26 Ballentine files FAC (**7th Compl.**)</li><li>3/18/26 Accenture files MTD FAC</li><li>3/23/26 TaskUs files MTD FAC</li><li>4/9/26 Meta files MTD FAC</li><li>4/22/26 Genpact files MTD FAC</li><li>5/4/26 Ballentine files motion for leave to file SAC</li></ul> |
| *Ballentine v. Meta Platforms, et al.,* No. 35-20206-CA-000494 (Lake Cnty Cir. Ct) & No. 26-cv-00213-AGM-PRL (M.D. Fla.) | <ul><li>3/2/26 Ballentine files third action in Florida, this time in state court (**6th Compl.**)</li><li>3/25/26 Accenture files notice of removal</li><li>4/1/26 Accenture and attorney defendants file MTD</li><li>4/2/26 Ballentine files FAC (**9th Compl.**)</li><li>4/16/26 Accenture and attorney defendants file MTD FAC</li><li>4/24/26 Notice of Voluntary Dismissal</li></ul> |

Enough is enough. Defendants are entitled to have their motions to dismiss decided without any further undue delay.[1] *Bourjolly v. Werner Auto. Holdings*, No: 6:25-cv-15, 2026 U.S. Dist. LEXIS 80961, at *9-10 (M.D. Fla. Apr. 14, 2026) (denying leave to amend where plaintiff had multiple opportunities to plead and failed to correct deficiencies).

---

[1] Notably, Plaintiff failed to cure his non-compliant oppositions to Accenture's and TaskUs's motions to dismiss. *See* ECF Nos. 56, 57, 79. The briefing on those motions is therefore complete.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the

Court deny Plaintiff's Time-Sensitive Motion for Leave to File Second

Amended Complaint.

Respectfully submitted,

Dated: May 7, 2026                ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    /s/ *Diana Marie Fassbender*
DIANA MARIE FASSBENDER (BN 17095)
dszego@orrick.com
215 NW 24th Street
Suite 200
Miami, FL 33127
Telephone: (202) 339-8533
Facsimile: (202) 339-8500


*Attorneys for Defendants*
*Meta Platforms, Inc and Genpact Limited*

/s/ *Marianna Chapleau*
Marianna Chapleau
Florida Bar No. 1059142
KIRKLAND & ELLIS LLP
830 Brickell Plaza
Miami, FL 33131
Telephone: 305 432-5687
Fax: 305 432-5601
mchapleau@kirkland.com

Devin S. Anderson (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, UT 84111
Telephone: 801 877 8115
Fax: 801 877 8101
devin.anderson@kirkland.com

*Attorneys for Defendant Accenture LLP*

/s/ *Stephanie C. Generotti*
Stephanie C. Generotti
Florida Bar No. 112924
Elizabeth T. Jozsi
Florida Bar No. 119428
OGLETREE, DEAKINS, NASH, SMOAK,
& STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone: 831.221.7239
Facsimile: 813.289.6530
stephanie.generotti@ogletree.com
elizabeth.jozsi@ogletree.com

*Attorneys for Defendant TaskUs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 7, 2026, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, and served the

foregoing via Email and U.S. Mail to:

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
jayballentine@protonmail.com
yglazman.litigation@protonmail.com

s/ *Diana Marie Fassbender*
DIANA MARIE FASSBENDER