**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

        v.                          Case No. 6:26-cv-00376-AGM-DCI

META PLATFORMS, INC.; ACCENTURE LLP;
TASKUS, INC.; and GENPACT LIMITED,

    *Defendants.*

## PLAINTIFF'S PROTECTIVE OPPOSITION TO META PLATFORMS, INC.'S MOTION TO DISMISS AND REQUEST TO GRANT LEAVE TO AMEND

### I.  INTRODUCTION

Plaintiff files this opposition protectively. Plaintiff does not elect to stand on the First Amended Complaint. Plaintiff attaches as Exhibit A a proposed Second Amended Complaint to preserve the amendment issue and to demonstrate that the pleading Plaintiff seeks leave to file is materially different from the First Amended Complaint. This filing is submitted to prevent Meta's motion from being treated as unopposed, to oppose dismissal with prejudice, and to place the actual proposed amended pleading before the Court for purposes of Rule 15(a)(2).

Plaintiff's Motion for Leave to Amend remains pending. The operative pleading is therefore unsettled. Dismissal with prejudice based on the First Amended Complaint—a pleading Plaintiff does not elect to defend—is premature while that motion remains before the Court.

This opposition proceeds as follows: the issue to be decided (Part II), the Rule 15(a)(2) standard and Plaintiff's non-election (Part III), the mapping of Meta's specific objections to Exhibit A (Part IV), and requested relief (Part V).

## II.    ISSUE TO BE DECIDED

Whether dismissal with prejudice is warranted where Plaintiff does not elect to stand on the First Amended Complaint and submits, as Exhibit A, a proposed Second Amended Complaint that materially changes the pleading and addresses Meta's jurisdictional, pleading-sufficiency, and claim-structure objections.

## III.    RULE 15(a)(2)

### A.    Standard

Under Fed. R. Civ. P. 15(a)(2), courts "should freely give leave when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This mandate is to be heeded; absent an apparent or declared reason such as undue delay, bad faith, repeated failure to cure, undue prejudice, or futility, denial of leave is an abuse of discretion. *Id.* The Eleventh Circuit likewise requires a substantial reason to deny leave to amend. *Laurie v. Ala. Court of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). A proposed amendment may be denied as futile only when the

2

complaint as amended would still be properly dismissed. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).

### B.    Non-Election

Plaintiff does not elect to stand on the First Amended Complaint as the final pleading. Plaintiff's opposition is conditional and protective. Plaintiff preserves the position that Exhibit A is the pleading the Court should evaluate before any dismissal with prejudice.

### C.    Futility Against Exhibit A

Futility must be assessed against the proposed amended pleading, not against a pleading Plaintiff seeks to replace. Exhibit A materially changes the allegations, the jurisdictional basis, the claim structure, and the parties' roles. Dismissal with prejudice at this stage would collapse Rule 12 analysis into a denial of amendment without evaluation of the proposed pleading. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).

### D.    Status of Exhibit A

Exhibit A is not the operative pleading unless leave is granted. It is submitted to preserve the amendment issue and to show that the deficiencies Meta characterizes as incurable are addressed by a materially different proposed pleading.

## IV.    EXHIBIT A ADDRESSES META'S OBJECTIONS

### A.    Personal Jurisdiction

Meta's objection: The First Amended Complaint lacks Meta-specific jurisdictional allegations.

Even assuming the First Amended Complaint's jurisdictional allegations as to Meta are deficient, Exhibit A materially changes the jurisdictional posture. Subsection B of the Personal Jurisdiction section of Exhibit A alleges Meta operates a paid-advertising business directed at Florida residents and businesses; Meta solicits Florida advertisers through Facebook for Business; Meta directed acts at Plaintiff's Account while Plaintiff was located in Florida on July 4, 2022, including issuing the Notice to Plaintiff in Florida, requiring Plaintiff to submit identification from Florida, transmitting the Notice and identity materials to a Codefendant, and withholding Plaintiff's account-resident business property from Florida; and Meta's continuing withholding constitutes ongoing conduct directed at Plaintiff in Florida. Ex. A, ¶¶ 10–16. Exhibit A cites Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6) as independent long-arm bases. Ex. A, ¶ 14. Exhibit A pleads Fed. R. Civ. P. 4(k)(2) in the alternative. Ex. A, ¶ 16.

## B.    Section 230

Meta's objection: Section 230(c)(1) bars Plaintiff's claims because they arise from Meta's decision to disable Plaintiff's account.

Even assuming Meta's § 230 argument has merit against the First Amended Complaint, Exhibit A materially changes the theory of the case. Exhibit A does not allege that Meta removed content, does not identify any content, and does not seek to impose liability on Meta as publisher or speaker of content provided by another.

4

Exhibit A alleges Defendants interfered with Plaintiff's third-party contracts and withheld Plaintiff's account-resident business property through a race-visible shared appeal-decision workflow. Count I asserts § 1981 (contract interference). Ex. A, Count I, ¶¶ 73–83. Count II asserts § 1982 (property deprivation). Ex. A, Count II, ¶¶ 84–92. Count III asserts § 1985(3) (conspiracy). Ex. A, Count III, ¶¶ 93–100. These claims do not require the Court to treat Meta as the publisher or speaker of content provided by another. The § 230(c)(1) analysis Meta applies to the First Amended Complaint does not transfer to a pleading that does not allege publication, does not identify content, and does not invoke a publisher function.

### C.    Intentional Discrimination (§ 1981 / § 1982)

Meta's objection: Plaintiff fails to plead intentional discrimination or identify similarly situated comparators.

Even assuming the First Amended Complaint's comparator allegations are deficient, Exhibit A restructures the comparator framework and adds documented-knowledge allegations. Section C of the Factual Allegations in Exhibit A presents Table 1, identifying five white comparators by name or identifier. Ex. A, ¶¶ 59–60, Table 1. Each white comparator received a notice arising from an identified factual predicate attributed to that comparator; Plaintiff's Notice was not. Each white comparator was restored to third-party contracting capacity and account-resident business property; Plaintiff was not. The comparator table is structured around a single axis: each comparator received a substantively similar notice, proceeded through the same shared appeal-decision workflow (Ex. A,

Section D, ¶¶ 61–67), and the differential treatment was restoration versus non-restoration.

Section E of the Factual Allegations in Exhibit A alleges Meta commissioned an external civil-rights audit (2019–2020) documenting differential adverse appeal outcomes affecting African American users; conducted internal research (2019–2021) identifying an annualized loss of approximately 2.7% for Black account-holders; did not deploy remediation; and since 2024 has dismantled internal civil-rights infrastructure. Ex. A, ¶¶ 68–72.

Section B of the Factual Allegations in Exhibit A alleges Plaintiff's race-visible identity materials (profile photograph and passport image) were displayed on the Codefendant's appeal interface at the time of the adverse appeal decision. Ex. A, ¶¶ 54–56.

### D.     Section 1983

Exhibit A does not assert a claim under 42 U.S.C. § 1983. This objection is moot as to Exhibit A.

### E.     Section 1985(3) — Predicate

Meta's objection: The § 1985(3) claim fails because §§ 1981 and 1982 are insufficient predicates under *Jimenez v. Wellstar Health System*, 596 F.3d 1304 (11th Cir. 2010).

Even assuming Meta's predicate argument has merit against the First Amended Complaint, Exhibit A addresses Meta's asserted predicate objection by grounding Count III in the Thirteenth Amendment rather than solely in §§ 1981

and 1982. Ex. A, Count III, ¶ 94. Exhibit A alleges the Thirteenth Amendment prohibits slavery and its badges and incidents and is enforceable against private conduct. Exhibit A alleges racial discrimination in making, performing, and enforcing contracts and in holding and conveying property in modern commerce is a badge and incident of slavery. Ex. A, ¶¶ 94–95. This is a constitutional predicate distinct from the statutory predicates Meta challenges.

### F.    Leave to Amend

Meta's objection: Leave should be denied because amendment would be futile.

The preceding subsections demonstrate Exhibit A materially changes the jurisdictional allegations, the claim structure, the comparator framework, and the legal predicates. The First Amended Complaint and Exhibit A are not the same pleading with additional detail. Rule 15(a)(2) requires leave be "freely given when justice so requires." *Foman*, 371 U.S. at 182. Futility must be evaluated against Exhibit A, not against Meta's characterization of a pleading Plaintiff does not elect to defend.

### V.    REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1.    Deny Meta's Motion to Dismiss;

2.    Alternatively, deny the motion without prejudice to renewal against the operative amended pleading;

3.     Alternatively, defer ruling until the Court decides Plaintiff's Motion for Leave to Amend;

4.     Alternatively, dismiss without prejudice rather than with prejudice;

5.     Alternatively, grant leave to amend under Fed. R. Civ. P. 15(a)(2);

6.     Preserve Plaintiff's objection to any denial of leave to amend and any dismissal with prejudice entered before the Court evaluates Exhibit A.

## VI.    PRESERVATION AND NON-WAIVER

Plaintiff preserves the position that the proposed Second Amended Complaint materially changes the action and addresses the deficiencies Meta identifies. Plaintiff does not elect to stand on the First Amended Complaint.

Nothing in this protective opposition should be construed as a concession that the First Amended Complaint is the final pleading Plaintiff elects to defend, as a waiver of Plaintiff's pending or renewed request for leave to amend, or as agreement with Meta's characterization of Plaintiff's claims.

Date: May 11, 2026                                            Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
jayballentine@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record.

Marvelle J. Ballentine
Plaintiff, *pro se*

10