# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARVELLE J. BALLENTINE,

    *Plaintiff,*

       v.                        Case No. 6:26-cv-00376-AGM-DCI

META PLATFORMS, INC.; ACCENTURE LLP;
TASKUS, INC.; and GENPACT LIMITED,

    *Defendants.*

## PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

## (Dkt. 103)

### INTRODUCTION

Plaintiff Marvelle J. Ballentine files these objections to the Report and Recommendation (Dkt. 103) pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). The Report and Recommendation recommends granting Defendants' Joint Motion to Stay Discovery (Dkt. 92) on the basis of a "preliminary peek" at the pending motions to dismiss, each of which is directed at the First Amended Complaint (Dkt. 19). Plaintiff does not contest the legal standard the Report and Recommendation applies. Plaintiff objects to its adoption on the ground that the recommendation has been procedurally overtaken by intervening filings that change the pleading posture, the transfer posture, and the § 230 posture on which the recommendation rests.

On May 11, 2026, Plaintiff filed protective oppositions to Meta's Motion to Dismiss (Dkt. 85) and Genpact's Motion to Dismiss (Dkt. 96). In each filing, Plaintiff stated that he does not elect to stand on the First Amended Complaint. Each filing attaches as Exhibit A a proposed Second Amended Complaint that materially changes the allegations, the claim structure, and the legal predicates. Meta's motion to transfer (Dkt. 87) remains pending. Plaintiff's cross-motion seeking transfer of the entire action to the Northern District of California (Dkt. 108) was denied without prejudice on May 11, 2026, for insufficient conferral under Local Rule 3.01(g), and Plaintiff intends to refile after completing good-faith conferral with each Defendant. The amendment question and the transfer question are before the Court. The Report and Recommendation predates the protective oppositions and the proposed Second Amended Complaint.

## OBJECTIONS

### I.    The Report and Recommendation Is Procedurally Overtaken

The Report and Recommendation recommends a blanket stay based on Defendants' Joint Motion to Stay Discovery and Hold Rule 26(f) Requirements in Abeyance Pending Resolution of Motions to Dismiss the First Amended Complaint. Dkt. 103 identifies the operative complaint as the First Amended Complaint, identifies the pending motions to dismiss that pleading, and concludes that those motions appear "truly case dispositive" after a preliminary peek. Dkt.

103 at 4. The stay recommendation therefore depends on the continued centrality of the First Amended Complaint and the motions to dismiss directed at it.

That premise no longer reflects the procedural posture before the Court. Plaintiff has placed a proposed Second Amended Complaint before the Court and does not elect to stand on the First Amended Complaint. Plaintiff's protective oppositions preserve that position and state that futility must be evaluated against the proposed amended pleading, not against the pleading Plaintiff seeks to replace. The proposed Second Amended Complaint materially changes the jurisdictional allegations, the claim structure, the attribution framework, and the § 230 posture. It does not assert a § 1983 claim. It uses "Codefendant" to identify whichever vendor decided Plaintiff's appeal and pleads that issue in the alternative because the identity of the responsible decisionmaker is within Defendants' exclusive possession. A stay based on FAC-directed motions should not be adopted while the Court is determining whether the First Amended Complaint will remain operative.

## II.    The Unresolved Transfer Posture Independently Warrants Non-Adoption

Meta's motion to transfer (Dkt. 87) remains pending. Plaintiff's cross-motion seeking transfer of the entire action (Dkt. 108) was denied without prejudice on May 11, 2026, for insufficient conferral under Local Rule 3.01(g). Plaintiff intends to refile that cross-motion after completing good-faith conferral with each Defendant. The transfer question therefore remains open. The case-management issue is not only whether Meta may transfer its portion of the case

under its asserted forum-selection clause, but whether the entire action should proceed in the Northern District of California.

That pending transfer posture makes adoption of a blanket discovery stay unnecessary and potentially duplicative. If the Court transfers the entire action, discovery sequencing, Rule 26(f) timing, and any stay request should be addressed by the transferee court. If the Court grants leave to amend before transfer, the dismissal and stay analysis changes because the proposed Second Amended Complaint supersedes the First Amended Complaint. If the Court denies transfer and denies amendment, Defendants may renew any stay request against the actual operative pleading. The efficient course is not adoption of Dkt. 103. It is abeyance or denial without prejudice.

### III. The Report and Recommendation's § 230 Preliminary Peek Does Not Map Onto the Proposed Second Amended Complaint

The Report and Recommendation gives substantial weight to the fact that each FAC-directed motion to dismiss asserts § 230. Dkt. 103 at 4. But the proposed Second Amended Complaint materially changes the theory to which any § 230 argument would have to be applied. The proposed Second Amended Complaint does not allege liability for publication, removal, editing, or display of third-party content. It does not identify any content. It does not invoke a publisher function. It alleges that Defendants used a race-visible shared appeal-decision workflow to

4

interfere with Plaintiff's third-party contracts and withhold Plaintiff's account-resident business property, under 42 U.S.C. §§ 1981, 1982, and 1985(3).

The issue for this objection is not whether § 230 ultimately applies to the proposed Second Amended Complaint. The issue is narrower: the Report and Recommendation's preliminary-peek analysis was performed against a pleading Plaintiff does not elect to stand on. It should not be adopted as a stay ruling that effectively treats the FAC-directed § 230 motions as controlling before the Court evaluates the proposed Second Amended Complaint under Rule 15(a)(2).

## IV.    Any Interim Stay Should Be Narrow and Administrative

If the Court enters any stay before resolving amendment and transfer, the stay should be narrow and administrative. It should preserve the status quo while the Court decides which pleading and which forum will govern. It should not be a merits stay predicated on the apparent strength of FAC-directed motions.

Any interim stay should be limited to merits discovery and should not prevent adjudication of leave to amend, adjudication of transfer, proceedings necessary to determine whether the entire action should be transferred to the Northern District of California, preservation of evidence, or limited threshold matters necessary to identify the operative pleading, the responsible Codefendant, and the proper forum.

### REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1.      Sustain Plaintiff's objections under 28 U.S.C. § 636(b)(1)(C);

2.   Decline to adopt the Report and Recommendation (Dkt. 103);

3.   Deny Defendants' Joint Motion to Stay Discovery and Hold Rule 26(f) Requirements in Abeyance (Dkt. 92) without prejudice as procedurally premature or overtaken by intervening filings;

4.   Alternatively, hold Dkt. 103 and Dkt. 92 in abeyance until the Court resolves Plaintiff's pending motion for leave to amend, the proposed Second Amended Complaint, and Meta's transfer motion (Dkt. 87);

5.   Alternatively, if the Court transfers the entire action to the Northern District of California, deny Dkt. 92 without prejudice to renewal before the transferee court;

6.   Alternatively, if the Court enters any stay before resolving amendment and transfer, limit the stay to merits discovery only and provide that the stay does not:

    (a)   decide or preview § 230 as applied to the proposed Second Amended Complaint;

    (b)   decide futility under Rule 15(a)(2);

    (c)   decide personal jurisdiction;

    (d)   decide transfer;

    (e)   bar briefing or adjudication of amendment, transfer, or case-management issues;

    (f)   suspend preservation obligations; or

(g)    prevent limited proceedings necessary to identify the operative pleading and proper forum;

7.    Grant such further relief as is necessary to preserve Plaintiff's rights under Rule 15(a)(2), Rule 72, 28 U.S.C. § 1404(a), and on appeal.

Date: May 12, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
jayballentine@protonmail.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record.

<br>

Marvelle J. Ballentine
Plaintiff, *pro se*