# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARVELLE J. BALLENTINE,

    *Plaintiff,*

v.

        Case No. 6:26-cv-00376-AGM-DCI

META PLATFORMS, INC.; ACCENTURE LLP;
TASKUS, INC.; and GENPACT LIMITED,

    *Defendants.*

## PLAINTIFF'S TIME-SENSITIVE MOTION TO RESOLVE DEFENDANT META'S MOTION TO TRANSFER (DKT. 87) BEFORE ADJUDICATING DEFENDANT META'S MOTION TO DISMISS (DKT. 85)

### TIME-SENSITIVE DESIGNATION

This motion is designated time-sensitive under Local Rule 3.01(f). Defendant Meta's Motion to Dismiss (Dkt. 85) is pending. The proposed reply deadline stated in Dkt. 114 is May 26, 2026. The Court may act on Dkt. 85 or on Dkt. 114 before Dkt. 87 is resolved. Plaintiff respectfully requests a ruling by May 26, 2026, or before the Court adjudicates Dkt. 85 or Dkt. 114, whichever occurs first.

## I.    INTRODUCTION

Plaintiff Marvelle J. Ballentine respectfully moves the Court to resolve Defendant Meta Platforms, Inc.'s Motion to Change Venue / Transfer Case (Dkt. 87) before adjudicating Defendant Meta Platforms, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 85). Meta filed Dkt. 87 on April 9, 2026, asserting that this action belongs in the United States District Court for the Northern District of California pursuant to a forum-selection clause in Meta's Terms of Service. Dkt. 87 remains pending and unruled. Defendants used the pendency of Dkt. 87 as a predicate for their Joint Motion to Stay Discovery (Dkt. 92), and the Report and Recommendation (Dkt. 103) acknowledged that Dkt. 87 remains pending. Plaintiff requests no ruling on the merits of Dkt. 87; the relief sought is sequencing only. This motion is designated time-sensitive under Local Rule 3.01(f) because Defendant Meta's Motion to Dismiss (Dkt. 85) is pending and the proposed reply deadline stated in Dkt. 114 is May 26, 2026. Plaintiff respectfully requests a ruling by May 26, 2026, or before the Court adjudicates Dkt. 85 or Dkt. 114, whichever occurs first.

## II.    BACKGROUND

1. On April 9, 2026, Defendant Meta Platforms, Inc. filed its Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 85).

2. On April 9, 2026, Meta filed its Motion to Change Venue / Transfer Case (Dkt. 87), asserting that the United States District Court for the Northern

District of California is the proper forum under a forum-selection clause in Meta's Terms of Service.

3. The Motions to Dismiss filed by Accenture LLP (Dkt. 29), TaskUs, Inc. (Dkt. 48), and Genpact Limited (Dkt. 96) remain pending.

4. On April 22, 2026, Defendants jointly filed a Motion to Stay Discovery (Dkt. 92), asserting as a predicate that Plaintiff filed this action in violation of the forum-selection clause invoked in Dkt. 87.

5. On April 30, 2026, the Report and Recommendation was filed at Dkt. 103, recommending that the Court grant the Motion to Stay. The Report and Recommendation states at page 2 that "Meta simultaneously filed a motion to transfer the case to the Northern District of California—alleging that Meta's Terms of service contain a mandatory and enforceable forum selection clause. Doc. 87. Those motions remain pending."

6. On May 4, 2026, Plaintiff filed his Motion for Leave to File Second Amended Complaint (Dkt. 105).

7. On May 11, 2026, the Court denied Plaintiff's Cross-Motion to Transfer All Defendants (Dkt. 108) without prejudice for failure to complete Local Rule 3.01(g) conferral before filing.

3

8.    On May 11, 2026, Plaintiff filed Protective Oppositions to the Meta Motion to Dismiss (Dkt. 111) and the Genpact Motion to Dismiss (Dkt. 112), each attaching the proposed Second Amended Complaint as Exhibit A.

9.    On May 12, 2026, Plaintiff filed his Objection to the Report and Recommendation (Dkt. 113), which is pending before the District Judge.

10.   On May 19, 2026, Meta and Genpact filed a Joint Motion for Leave to File Replies in Support of their Motions to Dismiss (Dkt. 114).

11.   As of the date of this filing, Dkt. 87 remains pending and unruled.

## III.   ISSUE TO BE DECIDED

Whether the Court should resolve Defendant Meta's Motion to Change Venue / Transfer Case (Dkt. 87) before adjudicating Defendant Meta's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 85).

## IV.   ARGUMENT

### A.    Defendants Used the Pendency of Dkt. 87 as a Predicate for the Stay Recommendation.

Defendants' Joint Motion to Stay Discovery (Dkt. 92) asserted as a basis for staying discovery that "Plaintiff filed the present action in violation of a mandatory forum selection clause requiring him to litigate his claims against Meta in the Northern District of California."

The Report and Recommendation (Dkt. 103) at page 2 acknowledged that Dkt. 87 was filed simultaneously with the Motions to Dismiss and that Dkt. 87 remains pending.

The Report and Recommendation at page 4 stated that the Motions to Dismiss "appear truly case dispositive" without reference to Dkt. 87's pendency or to its effect on the propriety of merits adjudication in this District.

Defendants cannot coherently use the pendency of Dkt. 87 to justify a stay of discovery while urging the Court to enter merits disposition on the same First Amended Complaint that, on Meta's own assertion, belongs in another forum.

**B.     The Forum-Selection and Transfer Inquiry Is Threshold.**

Under *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49 (2013), a forum-selection clause pointing to another federal forum is enforced through 28 U.S.C. § 1404(a).

Under *AQuate II, LLC v. Myers*, 100 F.4th 1316 (11th Cir. 2024), the Court must determine whether a forum-selection clause is applicable, mandatory, valid, and enforceable before applying the modified *Atlantic Marine* framework.

Under *Usme v. CMI Leisure Management*, 80 F.4th 1245 (11th Cir. 2023), a forum-selection clause cannot be enforced by or against a non-signatory absent a recognized exception, and a but-for relationship to the contract is insufficient.

5

The threshold inquiries identified in *AQuate II* and *Usme*—applicability, mandatory character, validity, enforceability, and scope as to non-signatories—are unresolved in this action because Dkt. 87 remains unruled.

Plaintiff requests no ruling on the merits of those threshold inquiries. Plaintiff requests only that the Court reach them before entering merits disposition in this forum.

### C.    The Order of Decision Plaintiff Seeks Is Sequencing Relief.

Plaintiff does not ask the Court to grant transfer.

Plaintiff does not ask the Court to deny transfer.

Plaintiff does not ask the Court to rule on the merits of the forum-selection clause Meta invokes in Dkt. 87.

Plaintiff asks the Court to resolve Dkt. 87 before adjudicating Defendant Meta's Motion to Dismiss (Dkt. 85). The Report and Recommendation (Dkt. 103) separately acknowledged Dkt. 87's pendency and recited Defendants' reliance on the same forum-selection premise as a basis for the requested stay, reinforcing that the threshold forum question Meta placed before the Court has procedural significance to the merits posture.

Sequencing relief does not require the Court to favor any party on the merits of Dkt. 87. Sequencing relief requires only that the Court resolve the

threshold forum question Meta itself placed before the Court before entering merits disposition on claims Meta contends belong in another District.

### D.    Plaintiff Has Repeatedly Raised the Order-of-Decision Concern.

Plaintiff's Cross-Motion to Transfer All Defendants (Dkt. 108) sought a unified transfer ruling on all parties.

The Court denied Dkt. 108 without prejudice on May 11, 2026, on the ground that Plaintiff had not completed Local Rule 3.01(g) conferral before filing.

The denial of Dkt. 108 did not address the underlying order-of-decision question.

Plaintiff has completed Local Rule 3.01(g) conferral as to the relief sought in this motion. The relief concerns the sequencing of Defendant Meta's own motions: Dkt. 87 (Meta's Motion to Change Venue / Transfer Case) and Dkt. 85 (Meta's Motion to Dismiss). Conferral was conducted by email to counsel for Defendant Meta. Meta opposes the relief sought.

This motion presents the order-of-decision question squarely, with conferral complete, on the procedural record now before the Court.

### V.    REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the following sequencing relief:

1. That the Court resolve Defendant Meta Platforms, Inc.'s Motion to Change Venue / Transfer Case (Dkt. 87) before adjudicating Defendant Meta Platforms, Inc.'s Motion to Dismiss (Dkt. 85);

2. That the Court hold Defendant Meta Platforms, Inc.'s Motion to Dismiss (Dkt. 85) in abeyance until Dkt. 87 is resolved; and

3. Alternatively, that the Court state on the record the basis for adjudicating Defendant Meta's Motion to Dismiss (Dkt. 85) while Defendant Meta's Motion to Change Venue / Transfer Case (Dkt. 87) remains pending.

## VI.    PRESERVATION AND NON-WAIVER

Plaintiff preserves for appellate review any merits disposition entered before the Court resolves Defendant Meta's Motion to Change Venue / Transfer Case (Dkt. 87). Plaintiff does not elect to stand on the First Amended Complaint. Nothing in this motion should be construed as a concession that any of the Motions to Dismiss is meritorious, as a waiver of Plaintiff's pending Motion for Leave to File Second Amended Complaint (Dkt. 105), or as agreement with Defendants' characterizations of Plaintiff's claims.

8

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiff certifies that on May 11, 2026, Plaintiff conferred in good faith with counsel for Defendant Meta Platforms, Inc. by email regarding the relief sought in this motion. The conferral stated that Plaintiff intends to file a motion requesting that the Court resolve Meta's pending Motion to Change Venue / Transfer Case (Dkt. 87) before adjudicating Meta's pending Motion to Dismiss (Dkt. 85). The relief sought is intra-Meta sequencing relief and concerns only motions filed by Defendant Meta. Plaintiff requested Meta's position by close of business on May 14, 2026. Meta opposes a ruling on its own Motion to Change Venue / Transfer Case (Dkt. 87) before a ruling on its own Motion to Dismiss (Dkt. 85).

Date: May 20, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record.

Marvelle J. Ballentine
Plaintiff, *pro se*

10